°(36 App. Div. 376.)

### HICKMAN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. January 3, 1899.)

STREET RAILROADS—INJURY TO PERSON ON TRACK.

    Where a woman, in full possession of her faculties, with an unobstructed view of a street-railroad track for several blocks, glances up and down the street from the sidewalk, and then walks slowly upon the track, with an approaching car fully in view, and is run over, she is guilty of contributory negligence.

Appeal from trial term, Kings county.

Action by Johanna Hickman against the Nassau Electric Railroad Company.   Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Stephen C. Baldwin, for appellant.

Thomas F. Magner, for respondent.

WOODWARD, J.   The scene of the accident in this case is Fifth avenue, in the borough of Brooklyn.   Ninety-First street, and the other numbered streets coming into Fifth avenue in the vicinity of the accident, which occurred at the street mentioned, do not cross the

avenue; so that the east side of that thoroughfare presents a solid block. The accident occurred on a pleasant day, in broad daylight. According to the story of the plaintiff, corroborated in a measure by her witness, the plaintiff on the day of the accident had been at the house of Mrs. Myles, on the easterly side of Fifth avenue. She came out of the house, and the plaintiff testifies that while on the sidewalk she looked up and down the avenue, but saw no car approaching. Then she stepped deliberately into the street, and walked slowly across, looking neither to the right nor the left. She wore a sunbonnet, which projected beyond her face; and all of the witnesses agree that she made no effort whatever to look in any direction, except directly in front. The locality of the accident is in a suburb of the city, the thoroughfare is not usually crowded, and it was in evidence that several persons, in no better position for making observations, saw the car a distance of several blocks before it reached the point of the accident. It is also in evidence that the motorman saw the plaintiff while yet the car was over 250 feet away, and that the gong was sounded for a distance of more than half a block before the car reached Ninety-First street, and with great violence when the car was within 30 feet of the plaintiff; that the motorman, after reaching the conclusion that the plaintiff was not going to get out of the way, made every reasonable effort to stop the car in time to avoid the accident.

That the plaintiff has failed to meet the requirements of the law in establishing a lack of contributory negligence seems to us too plain to be disputed, and there was no question presented for the consideration of the jury. To hold that a woman 56 years of age, in good health and in the possession of her faculties, with an unobstructed view of a street-railroad track for a distance of several blocks, has met the obligation resting upon her of exercising reasonable care when she has glanced up and down the street from the sidewalk, and then, with no further exercise of her faculties, walks slowly and deliberately upon the track, with an approaching car fully in view, with its bell ringing, is absurd. This was not an accident at a crowded street crossing, where the rights of the parties were equal, and where the defendant was charged with the duty of having its car in full control. Ninety-First street ended at its intersection with Fifth avenue; and while the defendant was then, as at all times, charged with the duty of exercising a reasonable degree of care in operating its cars, the plaintiff had no right to assume that the car would be in such control that the motorman would be able to protect her against her own negligence. Nor was the motorman bound to assume that this plaintiff, in broad daylight, would continue to advance until she should be in a position of danger. She was walking slowly; she could stop anywhere within two or three feet of the car, and allow it to pass in safety; and, unless there was something in her conduct to indicate an intention of crossing regardless of the approach of the car, the motorman was not bound to assume that she would recklessly or heedlessly walk into danger. Chrystal v. Railroad Co., 105 N. Y. 164, 11 N. E. 380. It is not enough that the plaintiff should merely look in both directions; she must look for the purpose of seeing if there is danger;

and if her rate of progress in passing over the danger point is so slow that a car, in traveling at a reasonable rate of speed, may be reasonably expected to have come within view, and in such a position as to cause danger, she is not excused from the duty of using her eyes because she may at some previous time have discharged this duty. There is no question in the case at bar that, if the plaintiff had used her eyes within a reasonable length of time before attempting to cross the tracks of the defendant company, she would have been able to have seen the approaching car in time to have avoided all possible danger; and the fact, if it was a fact, that she was somewhat hard of hearing, only increased her obligation to make such use of her eyes as was intended, to avoid danger. This the plaintiff clearly failed to do, and the defendant cannot be charged with the responsibility of this accident. Plaintiffs have some duties to perform, and it is not proper that a jury should be allowed to speculate upon the question of damages where the plaintiff has failed to show a compliance with the reasonable requirements of the law, that she has been free from negligence contributing to the accident.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.