## TOWNER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   October 17, 1899.)

STREET RAILROADS—STREET CROSSING—RIGHTS OF PEDESTRIANS—DUTY OF COMPANY.

A pedestrian crossing a street-car track at a street crossing has equal rights in the street, at the crossing, with the car company; and the latter owes him the duty of having its car under control, or, at least, of giving warning of its approach, and it must operate same with reasonable care at such places.

Appeal from special term.

Action by Jesse L. Towner against Brooklyn Heights Railroad Company.   From a judgment in favor of defendant, plaintiff appealed.   Reversed.

Argued before CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

M. E. Harby (Walter S. Logan, on the brief), for appellant.
John L. Wells, for respondent.

WOODWARD, J.   The Hickman Case, 36 App. Div. 376, 56 N. Y. Supp. 751, was not intended to lay down any new rule of law in negligence cases.   It simply undertook to decide the question then before the court, and, while we have no reason to doubt the correctness of that decision, it is not to be extended to cases in which the same circumstances are not present.   In that case the cars were operated on Fifth avenue, in the borough of Brooklyn.   The numbered streets in that vicinity, of which Ninety-First street is one, do not cross the avenue, so that the east side of that thoroughfare is a solid block.   The avenue at that point is not extensively traveled, and the cars are there operated at a higher rate of speed than in other portions of the borough.   The evidence was that a woman 56 years old, with a sunbonnet on her head, came out upon the sidewalk, looked in both directions, and, seeing no car, walked slowly out and upon the track, where an approaching car, the gong of which had been sounded for more than half a block, struck her.   She had made no effort to see the approaching car, so far as the evidence disclosed, and we held that:

"It is not enough that the plaintiff should merely look in both directions. She must look for the purpose of seeing if there is danger; and if her rate of progress in passing over the danger point is so slow that a car, in traveling at a reasonable rate of speed, may be reasonably expected to have come within view, and in such a position as to cause danger, she is not excused from the duty of using her eyes because she may, at some previous time, have discharged this duty."

The only similarity which we discover in the case at bar is that the plaintiff testifies that he looked in both directions before leaving the curb, and that he saw no car or other vehicle approaching, and that he then stepped down, and started to walk across the street, and that he was just leaving the track when he heard the gong of an approaching car, and simultaneously he was struck and thrown a distance of 20 feet, the car running from 50 to 75 feet be-

fore it was stopped. In the Hickman Case, supra, the streets did not cross the avenue,—the cars had the paramount right to the use of the tracks,—while in the case at bar the accident occurred at the crossing of Bridge street and Myrtle avenue, where the rights of the parties were equal, and where the defendant, contrary to the assumption of counsel, owed the plaintiff the duty of having its car in control, or at least of giving warning of its approach. The defendant had no right to rely upon people getting out of the way of its cars at crossings. It was charged with the duty of operating them with reasonable care, and the plaintiff had a right to rely, in some degree, upon the discharge of this duty on the part of the defendant. The plaintiff, having looked in both directions before starting to cross, and seeing no car, was justified in walking across the street at a point where the rights of both parties were equal, and in assuming that a car running at a rate of speed calculated to make the crossing dangerous would give some notice of its approach, or that it would be in the control of the motorman sufficiently to prevent his being run down.

There was evidence in the case from which the jury might reach the conclusion that the defendant was guilty of negligence, and that the plaintiff was free from negligence contributing to the accident. There is certainly nothing in the Hickman Case, supra, which justifies the conclusion that the plaintiff in the case at bar was guilty of contributory negligence as a matter of law, and it was error to dismiss the complaint. The judgment and order appealed from should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.