HICKMAN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

STREET RAILROADS—INJURIES—TRIAL—QUESTION FOR JURY—DISMISSAL.

Though, in the first trial of an action for injury by a street car, it appeared that plaintiff walked slowly across the street, without looking, yet where she testified, on the second trial, that, after looking both ways, she walked fast in attempting to cross the street, and the jury might have found that the evidence first given was due to some misapprehension on her part, it was error for the court to dismiss the complaint, since plaintiff was entitled to go to the jury on the question of her credibility.

Appeal from trial term, Kings county.

Action by Johanna Hickman against the Nassau Electric Railroad Company. From a judgment dismissing the complaint, and from an order denying a motion for new trial, she appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas F. Magner, for appellant.

John L. Wells, for respondent.

PER CURIAM. The testimony of the plaintiff on the trial which now comes up for review brings the case within our decision in the suit of her husband against the same defendant, and demands a reversal of the judgment. Hickman v. Railroad Co., 41 App. Div. 629, 58 N. Y. Supp. 858. It is true that on the first trial of this action it appeared that the plaintiff walked slowly across the street, looking neither to the right nor the left, and that the picture presented was that of a person loitering heedlessly. Hickman v. Railroad Co., 36 App. Div. 376, 56 N. Y. Supp. 751. On the trial of her husband's case, however, she testified that, after looking both ways, she walked fast in attempting to cross the street; and her testimony on the second trial of her own case is quite as strong to the same effect. This change cannot be attributed to our opinion on the first appeal, as the husband's case was tried before that opinion was handed down. A jury might well conclude that the evidence as given in the first instance was due to some misapprehension on the part of the plaintiff. At all events, a jury should be allowed to pass upon her credibility in this respect.

Order reversed, and new trial granted; costs to abide the event.