KILLEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

STREET RAILROADS—PERSONAL INJURIES—NEGLIGENCE—TRIAL.

Plaintiff (a woman 60 years of age), before starting to cross the street in the middle of a block, stopped and looked, and saw that there was no approaching car nearer than one in the next block, and that it was slackening its speed at the crossing. There was evidence tending to show that the motorman had applied the power at the corner, that the speed increased until plaintiff was struck, that no bell was rung, and that the motorman's head was turned, and he was talking with a person inside the car. Held, that whether plaintiff exercised reasonable care, and whether defendant was negligent, should have been submitted to the jury, and it was error to nonsuit plaintiff.

Appeal from trial term, Kings county.

Action by Sarah Killen against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas F. Magner, for appellant.

John L. Wells, for respondent.

WOODWARD, J. The evidence in this case should have been submitted to the jury. It was not such as justified the trial court in holding, as a matter of law, either that the plaintiff had failed to show a lack of contributory negligence, or that the defendant was free from negligence in causing the accident detailed in the complaint. The plaintiff is a woman about 60 years of age, residing in the borough of Brooklyn. On the 13th day of August, 1897, she was on the northerly side of Park avenue, between Cumberland street and Carlton avenue, and when at about the middle of the block she desired to cross over to King's house-furnishing store. At the curb she looked in both directions. There was no car coming from the east, but there was a car west of the corner of Cumberland street and Park avenue; the car not yet having reached Cumberland street. Cumberland street is an asphalted street, much used by bicyclists, and it appears from the evidence that the plaintiff was aware of the custom of the defendant to bring its cars to a standstill before crossing this thoroughfare. When she looked the car was being slowed down before crossing. As Park avenue is only 35 feet from curb to curb, and the plaintiff was 100 feet east of Cumberland street, which is 60 feet wide, it can hardly be said, as a matter of law, that it was negligent of her to walk diagonally across the avenue, without stopping to make further investigation. Persons walking upon or across the highways are not bound to exercise the highest possible degree of care. They meet all of the requirements if they exercise a reasonable degree of care, —such as persons of ordinary prudence would exercise under the same circumstances. There was some evidence from which the jury might have found that the plaintiff was exercising a reasonable degree of care; and as the testimony showed that the motorman was apparently engaged in conversation with some one inside of the car immediately before the accident, and that the speed of the car was constantly increasing up to within a short distance of the point where the plaintiff was struck, a question of fact was presented, which should have been determined by the jury. The complaint was dismissed, it appears, upon the authority of Hickman v. Railroad Co., 36 App. Div. 370, 56 N. Y. Supp. 751; but as that case has been distinguished in the subsequent case of Hickman v. Railroad Co., 41 App. Div. 629, 58 N. Y. Supp. 858, where it was distinctly limited to the peculiar facts appearing in evidence, we are not disposed to consider that as an authority in the case at bar, where the facts are materially different. The questions at issue are always whether there is want of reasonable care on the part of

the parties, the burden of proof being upon the plaintiff to show freedom from negligence on his part, and negligence on the part of the defendant which constituted the proximate cause of the injury; and, where there is evidence upon which fair-minded men may disagree, it is for the jury to determine the controversy.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.