(31 Misc. Rep. 290.)

## KILLEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Trial Term, Kings County. April, 1900.)

STREET RAILROADS—PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.

Where a person is struck by a car while crossing a crowded street, where pedestrians are obliged to pass close to cars, because of their number, in order to cross at all, the question of negligence on the part of the party injured is one of fact for the jury.

Action by Sarah Killen against the Brooklyn Heights Railroad Company for damages for a personal injury. There was a judgment for plaintiff, and defendant moved for a new trial. Motion denied.

Thos. F. Magner, for plaintiff.
Isaac R. Oeland, for defendant.

GAYNOR, J. The plaintiff showed herself on the witness stand to be more than ordinarily alert in her perceptive faculties and understanding; and she is of unimpaired health and physical activity. She went straight across the street in the middle of a block 200 feet long, and was hit by the front of the fender of a passing trolley car. She says she neither saw nor heard the car coming, nor looked to see if one was coming; except that at the curb she looked and saw the car at or approaching the next street crossing, apparently slowed or slowing down for the crossing. There was no other car or vehicle in the block; in fine it was entirely clear. Nor was there anything to distract her attention, and it was broad daylight. How under such conditions such a person could walk in front of a trolley car and get hit by it without being negligent I am unable to even imagine. For the plaintiff to say she did not see or hear the car seems to me to be only saying that she was not looking; for if she was looking in the most ordinary way it seems to me she could not help knowing the car was there. The case of a person crossing a crowded street and hit like the plaintiff where pedestrians have to go close to cars because of their number, and make close shaves in order to cross at all, would of course present a question of fact in respect of the plaintiff's negligence. But it is settled in this judicial department by the appeal from the nonsuit in this case at the former trial (48 App. Div. 557, 62 N. Y. Supp. 927), and also by Hickman v. Railroad Co., 41 App. Div. 629, 58 N. Y. Supp. 858, that cases like that of this plaintiff also present a question of fact on that head.

The motion for a new trial is denied.