(59 App. Div. 57.)

### HALLIDAY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

STREET RAILROADS—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Plaintiff was injured by defendant's car at 5 o'clock in the afternoon while endeavoring to cross F. street at a point opposite the westerly line of B. avenue. B. avenue runs into F. street from the south, but does not cross it. Plaintiff walked east along the north side of F. street until he reached the west crossing of B. avenue. It was getting dark, but there was still some daylight, and store lights in the vicinity were lighted. Thirty-five feet east of the cross walk were two wagons, which stood parallel with and near to the curb. The distance from the curb to the west-bound track was 14 feet. While on the sidewalk, plaintiff could only see the tracks easterly for a distance of 75 feet, between the wagons and a coal box on the edge of the curb. He was in a hurry, and was walking fast. Plaintiff testified that before stepping into the street he looked in either direction, and listened, but neither saw nor heard a car; that when halfway to the west track he looked again, and saw no car; and that he continued towards the track, and was struck by the step of a car going west before he placed his foot on the track, and the car ran 50 feet below the crossing after the accident before it stopped. *Held*, in an action for injuries, that the question of the company's negligence and of plaintiff's contributory negligence was for the jury.

Action by Stephen N. Halliday against the Brooklyn Heights Railroad Company. ˙ The complaint was dismissed at the close of the

evidence.   On motion by plaintiff for a new trial on a case containing exceptions, ordered to be heard at the appellate division in the first instance.   Exceptions sustained, and new trial granted.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry A. Powell, for the motion.
John L. Wells, opposed.

HIRSCHBERG, J.   The question of plaintiff's freedom from contributory negligence was clearly for the jury.   The accident occurred at about 5 o'clock on the afternoon of December 2, 1898, while the plaintiff was endeavoring to cross Fulton street, in the borough of Brooklyn, at a point opposite the westerly line of Buffalo avenue. Buffalo avenue runs into Fulton street from the south, but does not cross it.   The plaintiff walked eastwardly along the north side of Fulton street until he reached the first, or westerly, crossing to Buffalo avenue.   It was getting dark, but there was still some daylight, and the store lights in the vicinity were lit.   About 35 feet east of the cross walk were two wagons, one of which was covered; and men were shoveling coal from one of them into a coal box on the edge of the sidewalk.   The wagons stood parallel with and near to the curb.   The distance from the curb to the nearest, or westbound, track was about 14 feet.   While on the sidewalk, the plaintiff could see down the tracks westerly a distance of 200 feet, but in the opposite direction could only see the tracks for a distance of 75 or 80 feet, between the wagons and the coal box.   He was in a hurry, and was walking fast.   Before stepping into the street, he looked in either direction, and listened, but neither saw nor heard a car.   When halfway to the west-bound track, he looked again, and saw no car.   He continued towards the track, and was struck by the step of a car going west, before he placed his foot upon the track. In his own words:

"Then I stepped down off the curb, and I walked towards the railroad.   I looked again, and I see no car either way.   I then walked to cross the track. I placed my foot that way (illustrating) on the track; that is, halfway on the track.   I then looked again, and as I looked the car was right onto me, and the men hollered, and as I pulled my foot back it struck me on the other leg, and knocked me forward.   I then struck the point—or the front of the car struck me on the other leg, and down I fell, and was insensible.   I did not hear any gong sounded.   I heard the man say, 'Ah!'—something like that, you know.   I couldn't tell what he said.   He hollered in surprise,—made a noise in that way.   I heard him make that noise as I pulled my foot back. It was virtually about the same time I was struck."

From this statement it is apparent that, while a jury might very well say that the plaintiff was guilty of contributory negligence, such negligence could not be predicated as matter of law.   The standard of care is the conduct of persons of ordinary prudence, and the plaintiff's act is to be measured by the situation and the surroundings.   He was required to exercise his senses for his own protection, and claims to have done so more than once.   If they failed to protect him because not exercised at the precise point or moment when they would have been effective, the conclusion that the result was

a want of ordinary and reasonable care would flow from inferences dependent upon measurements and estimates which it is peculiarly within the province of a jury to make. The law required him to look and listen in accordance with the dictates of ordinary prudence, but did not require the guaranty of any specific result. Turell v. Railroad Co., 49 App. Div. 94, 63 N. Y. Supp. 402, and cases cited.

More difficulty accompanies the question of defendant's negligence. Here, too, however, the standard of duty enjoins reasonable care; and, while the evidence is slight, the company cannot be said to be absolved as matter of law. There is evidence from which the jury could conclude that the motorman might reasonably anticipate that pedestrians would use the crossing at the intersection of Buffalo avenue with Fulton street, even although the avenue does not actually cross the street. No case is cited to the effect that there is no obligation at such a crossing to have the car under control, so that an accident could be averted in case some one stepped suddenly from behind the wagons which were seen to obstruct the view of the crossing; and there is evidence tending to show considerable speed in the fact that the car ran at least 50 feet below the crossing before stopping. At all events, a witness attracted by the crowd in front of the drug store found the car standing at the time that distance below the crossing. In the case of Towner v. Railroad Co., 44 App. Div. 628, 60 N. Y. Supp. 289, it appeared that the plaintiff looked in both directions before leaving the curb, and saw no car, but on attempting to cross the tracks was struck by an approaching car, which sounded no warning until the moment of collision, the car running from 50 to 75 feet before it was stopped; and this court held that the questions both of plaintiff's freedom from contributory negligence and defendant's negligence should have been submitted to the jury. In this case the jury would decide the point at which the motorman saw or would have seen the plaintiff in the exercise of reasonable care, and would also determine whether such care was exercised as the time permitted in attempting to avoid the accident, or to warn plaintiff of his danger, in view of the existence of the crossing, the presence of the wagons, and the speed of the car, as they may find it.

It follows that the plaintiff's exceptions should be sustained, and a new trial granted, with costs to abide the event. All concur, except SEWELL, J., taking no part.