### NEWCOMB v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   October, 1901.)

STREET CARS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

Plaintiff, injured by a street car company, testified that as he stepped from the curb to cross the street he looked up the street; that he could see for two blocks, and that no car was in sight; that he started across at about three miles per hour; that just as he stepped across the rails he was struck by a car; that when he first saw the car it was too late to avoid injury. Other evidence showed that the car was in plain sight when plaintiff started to cross. *Held* not to show sufficient care on plaintiff's part to sustain a judgment in his favor.

Appeal from municipal court, borough of Manhattan, Tenth district.
Action by Michael Newcomb against the Metropolitan Street Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.
See 68 N. Y. Supp. 780.

Argued before FREEMAN, P. J., and GILDERSLEEVE and McADAM, JJ.

G. Glenn Worden, for appellant.

Shaw, Fisk & Shaw, for respondent.

GILDERSLEEVE, J.   This action is brought to recover damages for personal injuries sustained by the plaintiff in being knocked down by one of the defendant's cars.   The justice presiding at the trial in the municipal court found for the plaintiff, and fixed the damages at $249.   The defendant challenges the judgment on the ground that there is no evidence of any kind on the part of plaintiff of any attempt to avoid the danger, and that it appears affirmatively that the plaintiff was guilty of contributory negligence.   The plaintiff testified that he was about to cross Tenth avenue from west to east at Fifty-Sixth street, about 5 o'clock on the morning of June 20, 1900, and that, as he stepped down from the curb, he looked up and down the avenue, and he could see up the avenue as far as Fifty-Eighth street, and no car was in sight; that he started to walk along at the usual rate of speed of pedestrians, to wit, about three miles an hour, and, just as he stepped across the rails into the downtown track, he was struck by the car.   He further said that he did not see the car until just about the time he was struck, and that when he saw the car the fender was within one foot of him, and no warning was given; that when he first saw the car it was too late for him to get out of the way.   The testimony of two witnesses called by the plaintiff tended to show that at the time the plaintiff left the curb for the purpose of crossing the avenue the car that knocked him down was not more than a block away.   It is incredible that at the time plaintiff stepped from the curb the car in question was north of Fifty-Eighth street.   It must be said that the preponderance of evidence indicates unmistakably that the car was in plain sight when plaintiff stepped down from the sidewalk; in fact, that it was approaching him a short distance away.   The only evidence of care on the part of the plaintiff was that he looked up and down the avenue at the time he was about to start.   This was not enough to absolve him from the charge of contributory negligence.   It did not excuse him from using his eyes and his ears as he proceeded on his way.   Had the plaintiff made a reasonable employment of these senses while attempting to cross the track of defendant's company, he would have manifestly been able to see or hear the approaching car in time to avoid all possible danger.   We think that the case at bar comes within the rule laid down in Hickman v. Railroad Co., 36 App. Div. 376, 56 N. Y. Supp. 751.   The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.   All concur.