The motion is resisted on the ground, among others, that it was decided in Riglander v. Star Co., 98 App. Div., 101, 90 N. Y. Supp. 772, affirmed 181 N. Y. 531, 73 N. E. 1131, that the provisions of section 793 relating to preferences were unconstitutional. As I construe that decision, however, the court in that case did not decide that the Legislature exceeded its power in providing that a preference should be granted to actions of this kind, but that the unconstitutional feature of the act was in providing peremptorily and unqualifiedly that the cause should be heard on the day for which it might be set, thus taking from the court its constitutional right to exercise discretion in passing upon grounds for adjournment which might exist when the day arrived, and which might be such that to deny an adjournment would virtually deprive the party seeking it of his day in court and deprive him of his property without due process of law. The order to be entered in this case should not set the action down peremptorily for trial on a given date, but should, pursuant to subdivision 1 of section 791 of the Code of Civil Procedure, merely name a day of the term on which the case will be moved for immediate trial. If at that time any good reasons exist for adjournment, those reasons can be passed upon by the judge having charge of the calendar.

I have examined the other grounds urged in opposition to the motion, but can find no cause in any of them why the motion should not be granted to the extent and in the manner above indicated. When the case is moved for trial on the day fixed in the order, some of the reasons urged for denying the motion may have ceased to exist, and such others as are entitled to any weight can be taken into consideration by the justice presiding in the calendar part.

Motion granted, as indicated. Settle order on notice.

(121 App. Div. 519.)

### McGURGAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

1. STREET RAILROADS—OPERATION OF CARS—INJURIES TO TRAVELERS.

A motorman, who started a street car from a standing position and ran into plaintiff's vehicle, which was crossing the street at an intersection, without giving a signal and in broad daylight, was negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 191.]

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. .

Where plaintiff started to drive across a street car track at a street intersection in front of a car which was standing, he was not bound to assume that the car would be started up in such a manner as to imperil his safety, and was not negligent as a matter of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 257.]

3. SAME—NEGLIGENCE OF DRIVER.

Where plaintiff was riding in a buggy, accompanied by his driver, at the time he was injured in a collision with a street car, which was standing when the driver attempted to drive over the track at a street intersec-

tion, the driver was not negligent in failing to continuously watch the car until he had passed over the crossing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 214.]

Appeal from Municipal Court of New York.

Action by William J. McGurgan against the New York City Railway Company. From a Municipal Court judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Edwin V. Guinan, for appellant.

William E. Weaver, for respondent.

HIRSCHBERG, P. J. The judgment appealed from is one of nonsuit; the complaint having been dismissed at the close of the plaintiff's case. The action is for damages for injuries alleged to have been occasioned by the defendant's negligence. On the 26th day of February, 1906, at 8 o'clock in the morning, the plaintiff was being driven in a top buggy up Broadway, in the borough of Manhattan. The top was up, and the plaintiff was accompanied only by his driver. When they reached Thirty-Fourth street, both he and the driver observed one of the defendant's cars standing on the west-bound track in Thirty-Fourth street, at the east crossing. The car being stationary, they proceeded to cross the tracks in Thirty-Fourth street, and when they were within six feet of the west-bound tracks the car was started up without any warning, so that it ran into the plaintiff's horse and buggy, striking the right hind wheel of the vehicle and throwing the plaintiff over the dashboard.

The negligence of the defendant is undisputed. It cannot be pretended that to run a car into a vehicle in broad daylight at the intersection of streets, without sounding a warning or giving a signal of any kind, is the exercise of care. I do not see how, in the circumstances, it can be claimed that the plaintiff was guilty of contributory negligence as matter of law. He was not bound to assume that this car would be started up at his peril. Assuming that the negligence, if any, of the driver, would be imputed to him, there is nothing indicating negligence on the part of the driver. He could not be looking all the time at this car standing east of the crossing on the west-bound track. Some attention was due to the horse which he was driving, and care was also required to see that the east-bound track was free while crossing it.

I think the question of the plaintiff's contributory negligence was clearly for the jury. Nor is any case cited by the learned counsel for the respondent authority to the contrary. In each of the cases relied upon the car was under way and known to the party injured to be in motion. In Lofsten v. Brooklyn Heights R. R. Co., 184 N. Y. 148, 76 N. E. 1035, the car was approaching at the rate of five or six miles an hour. In Furlong v. Metropolitan Street R. Co., 103 App. Div. 215, 92 N. Y. Supp. 1008, the plaintiff saw the car which struck her approaching rapidly. In Hickman v. Nassau Elec. R. Co.,

36 App. Div. 376, 56 N. Y. Supp. 751, the gong was sounded with great violence for a distance of more than half a block, and the plaintiff deliberately walked in front of the car. These and other cases which might be cited are distinguishable from the one at bar, and, while it is difficult to find cases in which the circumstances agree, this one is in many respects similar to that of Andres v. Brooklyn Heights R. R. Co., 84 App. Div. 596, 82 N. Y. Supp. 729, wherein we held that it was error for the trial court to dismiss the complaint under circumstances, as I have suggested, practically similar to those now presented.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.