HILL et al. v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   June 29, 1911.)

STREET RAILROADS (§ 117*)—COLLISION WITH VEHICLE—CONTRIBUTORY NEG-
    LIGENCE.
        One who attempted to drive his heavily loaded wagon across a track
    at a street intersection, when a car was standing at the crossing dis-
    charging passengers, and whose wagon was struck by the car, which
    suddenly started, was not guilty of contributory negligence as a matter
    of law.
        [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 249;
    Dec. Dig. § 117.*]

Appeal from Municipal Court, Borough of Brooklyn, Second De-
partment.

Action by Sarah Hill and another against the Brooklyn Heights
Railroad Company.  From a judgment for plaintiffs, defendant ap-
peals.  Affirmed.

See, also, 128 N. Y. Supp. 1127.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH,
and WOODWARD, JJ.

Francis R. Stoddard, Jr., for appellant.
L. & M. Blumberg, for respondents.

HIRSCHBERG, J.  The plaintiffs have recovered the value of a
horse belonging to them, which they were obliged to kill by reason of
injuries sustained in a collision with one of the defendant's surface
cars at the junction of Grand and Leonard streets, in the borough of
Brooklyn.  The animal was the nigh horse of a pair which were being
driven at the time of the accident on a down grade on the right side
of Leonard street and which were hauling a heavily loaded wagon.
Approaching Grand street, where the defendant's tracks cross Leon-
ard street, the plaintiffs' driver saw a car standing on the near track,
part of the way across Leonard street, but at the time, as the evidence
tends to show, in the act of receiving and discharging passengers.
When the driver had about reached the track, and as he was proceed-
ing to cross it, the car suddenly started towards him.  He swung his
horses sharply to the right in an effort to escape the car, but the horse
referred to was struck by the car fender and his leg broken.  There
is little, if any, conflict in the evidence, and the verdict of the jury is
fully justified by the facts.

The appellant presents but a single exception on the appeal.  The
court charged the jury, at the plaintiffs' request:

"That it was not negligence as a matter of law, contributory negligence,
for the driver to attempt to cross that track when he saw the car standing
on the other side."

The charge was correct.  Conceding that the circumstances dis-
closed by the evidence may have presented a question of the negligence
of the driver for the determination of the jury, as matter of fact, it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

could not be disposed of adversely to him as a question of law. See, McGurgan v. New York City Ry. Co., 121 App. Div. 519, 106 N. Y. Supp. 201.

The judgment should be affirmed. All concur.