served on the comptroller. * * * There was no attempt upon the part of the plaintiff to comply with the provisions of the act of 1886, and simply because the notice happened to come into the possession of the corporation counsel it cannot be claimed that there was any compliance with the act of 1886."

We think that the contention of the learned counsel for the plaintiff that section 140 of the charter, providing that no action shall be maintained against the city unless notice be filed with the city clerk of an intention to commence an action, having been repealed by chapter 172 of the Laws of 1897, a compliance with the provisions of such section is unnecessary, is untenable, especially in view of the fact that chapter 172 of the Laws of 1897 provides, "All existing rights, both public and private, under prescribed laws are hereby expressly reserved." It follows that the plaintiff's exceptions should be overruled, the motion for a new trial denied, and judgment ordered for the defendant, with costs.

Plaintiff's exceptions overruled, motion for a new trial denied, and judgment ordered on the verdict, with costs. All concur.

---

(35 Misc. Rep. 301.)

### VONELLING v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   June, 1901.)

STREET RAILROAD—COLLISION—CONTRIBUTORY NEGLIGENCE.
  Where the driver of a wagon crosses a street-car track at right angles, he is guilty of contributory negligence if he fails to look for cars coming from either direction.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Henry Vonelling against the Metropolitan Street-Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

H. A. Robinson, for appellant.
G. Hamburger, for respondent.

PER CURIAM. The only testimony to support the claim of negligence made by the plaintiff is given by the driver of his wagon, which was struck by a car bound south on the east line of defendant's tracks. The driver, one Fedesio, testifies as follows:

"Oct. 6th, at half past seven, as I was going over across Eighty-Sixth street from west to east, crossing the tracks, I looked uptown, and see no car in sight. As I was over it, and walking the horse going over it, I was struck by a car behind, and knocked the horse down, and knocked the wagon on top, and I and the boy were thrown out."

When it is remembered that the wagon was moving from west to east, and was struck on the easterly track by a north-bound car, there was contributory negligence upon the part of the driver from not having looked to the southward, from whence the car was approaching. The complaint, for that reason, should have been dis-

missed.   Had the driver looked in that direction, he would have seen the car, which at least was in plain sight.

Judgment reversed, and new trial ordered, with costs to abide event.