of the agreement he has been damaged, then all of the defendants are liable for the acts of each party to the agreement. They are joint tort feasors, and, for whatever injury has been done, each and all are liable. Rourke v. Elk Drug Co., 75 App. Div. 146, 77 N. Y. Supp. 373.

The judgment appealed from is therefore affirmed, with costs, with leave to the defendants, however, to withdraw demurrers and answer on payment of costs in this court and in the court below.

---

(83 App. Div. 330.)

## LITTLE v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. STREET RAILWAYS—INJURY TO PEDESTRIAN—CROSSING BEHIND CAR—CONTRIB-
   UTORY NEGLIGENCE—CONSTRUCTION OF TESTIMONY.

> A pedestrian, struck by a downtown car immediately after having crossed onto the track behind an uptown car, testified that the car was about 40 feet away when he first saw it, and that he was standing on the downtown side, waiting to get across the avenue, and that he waited to let an uptown car pass, which was 40 feet away when he first saw it. He later testified that he looked, and did not see the downtown car, but it did not appear when he looked. *Held*, that his testimony disclosed contributory negligence as a matter of law.

> Laughlin and Patterson, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Patrick Little against the Third Avenue Railroad Company. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Jacob Fromme, for appellant.
Bayard H. Ames, for respondent.

McLAUGHLIN, J. On the 15th of January, 1900, between 2 and 3 o'clock in the afternoon, the plaintiff, then about 39 years of age, attempted to cross defendant's tracks at the intersection of Thirteenth street and Third avenue, and in doing so was struck by one of its southbound cars, and seriously injured. He brought this action to recover damages therefor upon the ground that the same were caused solely by defendant's negligence. At the trial at the close of plaintiff's testimony, the complaint was dismissed, and he has appealed.

The plaintiff testified, in substance, that as he approached the easterly tracks of the defendant he looked, and saw a northbound car approaching, and that he also then, or shortly thereafter, noticed a southbound car approaching, which was about 40 feet away; that he waited until the northbound car, which stopped at this point to take on or let off passengers, had started and proceeded far enough to allow him to pass in the rear of it, which he did, and just as he stepped upon the southbound tracks he was struck and injured. The witness Cohen testified, and he was corroborated in some respects by the witness Nesi, that the car which struck the plaintiff

was in sight when plaintiff passed the southeast corner of Thirteenth street, and that when it struck him it was running at a rapid rate of speed, but was stopped within a few feet after the collision occurred. There was absolutely no evidence to the effect that the plaintiff looked to see whether a southbound car was approaching, or that he took any precautions whatever for his own safety, after he stopped to let the northbound car go by, and before he stepped upon the southbound tracks. Under such circumstances, I do not see how the trial court could do otherwise than dismiss the complaint. It is apparent that, if the plaintiff had exercised any care whatever after the northbound car had passed, and before he attempted to step upon the southbound tracks, he would have seen the car which struck him, and thus the accident would have been avoided. Cohen could see the car approaching, and, manifestly, the plaintiff could if he had looked, as the accident occurred in the middle of the day, and there was nothing, so far as appears, to obstruct the plaintiff's vision or distract his attention. Of course, he was just as much obligated to look out for his own safety as the defendant was to prevent his being injured. Jackson v. Union Ry. Co., 77 App. Div. 161, 78 N. Y. Supp. 1096; Johnson v. Third Ave. R. R. Co., 69 App. Div. 247, 74 N. Y. Supp. 599. Both parties had an equal right to the use of the street at this place, and, while the law requires the defendant to move its cars with care, to the end that persons crossing the street may not be injured, it also requires such persons to exercise an equal amount of care to prevent being injured. If a person using the street fails to exercise this care, and is injured, he cannot recover from the defendant for the injuries sustained, inasmuch as his own negligence has contributed to it; and this is precisely what occurred in this case. The plaintiff carelessly and heedlessly stepped upon defendant's tracks, and, taking into consideration all of the testimony which he offered, it is apparent that, had he exercised the care referred to, he would not have been injured.

The judgment appealed from, therefore, must be affirmed, with costs.

VAN BRUNT, P. J., concurs.

O'BRIEN, J. (concurring). In this case, as in the recent cases of Schwarzbaum v. Third Ave. R. R. Co., 60 App. Div. 274,, 69 N. Y. Supp. 1095, Schoener v. Met. St. Ry. Co., 72 App. Div. 23, 76 N. Y. Supp. 157, and Pelletreau v. Met. St. Ry. Co., 74 App. Div. 192, 77 N. Y. Supp. 386, which resulted in decisions of this court adverse to the defendants therein, the plaintiff, after passing behind a car upon one track, was struck as he proceeded on his way across the street, by a car on the other track. In the Schwarzbaum Case, supra, it was said in the opinion:

"The plaintiff and her husband had their view obstructed, until they were almost upon the uptown track, because of the south-bound car, which had just passed. Moreover, the night was dark and rainy, and they were underneath the Elevated structure; and, though the plaintiff says they proceeded carefully, looking up and down, the northbound car came upon them swiftly, and without warning, killing the husband, who was a little ahead, and nearly striking the plaintiff."

Therein it further appeared that the injured man was taken from the opposite side of the car. Here, on the contrary, it appears that the plaintiff was proceeding, not on a dark, misty night, but in broad daylight; that, after being shut off from view of the southbound track for some time, while he waited for the uptown car, which had stopped, to start and move on its way, he proceeded immediately over, walking fast, and was struck just as he reached the first rail. In that case also there was evidence that when between the tracks the plaintiff and her husband looked up and down; and, though they did not perceive that the car was at hand, this was somewhat explained by the fact that the night was dark and misty, and, had they seen the headlight, it would have been difficult to approximate its distance. Here the plaintiff testified that he looked, and did not see; but it does not appear when he looked, nor why, if he looked just after leaving the uptown track, he did not, on a clear day, and with a straight track, see the car.

In the Pelletreau Case, supra, the accident occurred in the daytime, but the day was rainy, and the plaintiff had alighted from a northbound car, with several companions, one of whom preceded her behind the stationary car and over the southbound track, and crossed safely to the other side. The plaintiff, knowing her friend was a few feet in advance of her, and hearing no warning, proceeded across, and, though she looked, her vision was obscured to some extent by the northbound car, the space between the tracks at this point being very narrow. Here the plaintiff had seen no one precede him, and thus had not that reason for concluding that, had a car been at hand, a signal would have been given before he started over; nor, so far as appears, had he any reason for thinking he could cross in safety.

In Schoener v. Met. St. Ry. Co., supra, the plaintiff was driving across the Bowery, and saw two cars coming south, and concluded that he could cross in front of the one on the further track, which struck him; and, though it appeared that the vision of the motorman of that car was obscured by the overlapping of the other car, it was held that the jury might find him negligent in not anticipating that vehicles might emerge upon his track, and that in the judgment exercised by the plaintiff in proceeding he was not, as matter of law, guilty of contributory negligence. Here there is nothing to show that the plaintiff saw the car, and judged that he would be able to cross in safety. It is true that he says: "The car that hit me was about forty feet away when I first saw it." But to this he adds: "I was standing on the crossing, on the south crossing, on the downtown side. I was waiting to get across the avenue." He then says he waited to let an uptown car pass, and that the center of it stopped in front of him while passengers were getting on or off. He also states that the uptown car, when he first saw it, was 40 feet away. If the plaintiff made a misstatement in saying that the downtown car was 40 feet away, then there is no evidence as to what distance it was when he saw it, or that he saw it at all; his subsequent testimony being that, though he looked, he did not see it. If he did not make a misstatement, and the downtown car was 40 feet away when he

was standing on the crossing waiting to let the uptown car pass, which had stopped immediately in front of him, and thereafter, when it went on, he started to cross, it is evident that, if the downtown car which he saw had not already passed, then he had every reason to believe it would be directly in his path. His testimony, however, is that after the uptown car started he "went right behind it," and when he got on the other side of the track he was hit, and that he had "started to walk fast." There is, therefore, no basis, as there was in the Schoener Case, for concluding, with respect to the conduct of the plaintiff, that he erred, if at all, merely in the exercise of judgment.

In this respect also the present case differs from Handy v. Met. St. Ry. Co., 70 App. Div. 26, 74 N. Y. Supp. 1079, where, as here, the appeal was from a judgment of nonsuit. There it appeared that the plaintiff's intestate was crossing in the evening in front of a rapidly approaching southbound car on Third avenue, which was well lighted, and there was nothing to obstruct his vision or that of the motorman. There was evidence that he "was turned a little up the street," and "seemed to be looking in that direction," and that when struck he had passed the middle of the track, and was about to step off the westerly rail. The car was traveling fast, and no effort was made to stop it, or warning given, and it proceeded some 90 feet after hurling the man to the west of the track. It was held that the subject of the negligence of the motorman and of the plaintiff's intestate was for the jury, and that it was error to dismiss the complaint. Here, however, as already pointed out, there was nothing upon which the jury might even base a finding that the plaintiff was guilty of error of judgment, rather than of contributory negligence; and the absence of such facts or evidence is its distinguishing feature. The case of McDonald v. Met. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282, cited and relied upon in Handy v. Met. St. Ry. Co., supra, has no application, as the plaintiff failed to prove any facts from which the jury could infer that the injuries received were caused solely by the defendant's negligence.

I concur, therefore, in the conclusion reached by Mr. Justice McLAUGHLIN that the judgment entered on the dismissal of the complaint should be affirmed, with costs.

LAUGHLIN, J. I dissent, on the ground that the testimony of the plaintiff was susceptible of the construction that he did not see the southbound car, and also that, after the northbound car passed, he looked diligently by the rear of it north along the southbound track, before stepping upon that track, and did not discover the southbound car, the speed of which was so excessive that it came upon him before he had an opportunity to exercise his right of passing over the track along the line of the crossing, he having arrived at the crossing a sufficient time in advance of the southbound car to enable him to do so in safety if the motorman had the car properly under control.

PATTERSON, J., concurs.