(88 App. Div. 604.)

LYNCH v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. STREET RAILROADS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—
EVIDENCE.

In an action against a street railroad for injuries to a pedestrian, where the uncontradicted testimony was that plaintiff saw the car approaching at the distance of a block and a half or two blocks at the time he left the crossing, and that it was daylight, and there was nothing to prevent his seeing it from that time to the time he was injured, and there was nothing to show that he exercised any care whatever after he left the corner, or that he looked to see where the car was, but walked heedlessly onto the tracks, a verdict for him will not be allowed to stand.

Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by John G. Lynch against the Third Avenue Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant.
Holmes V. M. Dennis, Jr., for respondent.

McLAUGHLIN, J. Some time during the afternoon of the 3d of February, 1900, the plaintiff, while endeavoring to cross from the northeast to the northwest corner of Amsterdam avenue, at its intersection with 141st street, was struck by one of the defendant's northbound cars and injured. He brought this action to recover damages therefor, upon the ground that the same were caused solely by the defendant's negligence. He had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, defendant has appealed.

The evidence adduced at the trial is uncontradicted to the effect that, when the plaintiff left the northeast corner of 141st street, he saw the car which subsequently struck him approaching, and it was then "about a block and a half or two blocks away." It was plainly visible, and there was nothing to prevent his seeing it from that time until he was injured, had he endeavored to do so. It was daylight, and there was nothing in the street to obstruct his vision. It does not appear that he exercised any care whatever after he left the corner of 141st street, or that he looked to see where the car was, but, instead, walked heedlessly and carelessly upon the tracks, and was injured.

Upon such facts, the plaintiff failed to meet the burden which rested upon him of showing that he was free from contributory negligence in not seeing the car before he stepped in front of it. Little v. Third Ave. R. Co., 83 App. Div. 330, 82 N. Y. Supp. 55; Jackson v. Union Railway Co., 77 App. Div. 161, 78 N. Y. Supp. 1096; Johnson v. Third Ave. R. Co., 69 App. Div. 247, 74 N. Y. Supp. 599. Whether or not a gong was sounded, or notice given of the approach of the car, was of no importance, because the plaintiff saw the car,

and knew it was approaching. Nor is there any force in the suggestion that he had a right to assume that the car would be so controlled that he could cross the street in safety. He had no more right, under the circumstances, to indulge in this assumption, than the motorman of the car had to assume that the plaintiff would so control his own movements with reference to the car that he would not be injured. Plaintiff, of course, was as much obligated to look out for his own safety as the defendant was to prevent his being injured. Both of the parties had an equal right to the use of the street at this place, and, while it was the duty of the defendant to move its car with care, to the end that the plaintiff would not be injured, plaintiff was also required to exercise an equal amount of care to prevent being injured (Little v. Third Ave. R. Co., supra); and this, the record before us shows, he did not do. It follows, therefore, that the court erred in denying defendant's motion made at the close of plaintiff's case, and renewed at the close of the whole case, to dismiss the complaint, and the exceptions to such rulings were well taken. It is also urged that the trial court erred in charging the jury, but it seems unnecessary to discuss the exceptions taken in this respect, inasmuch as upon a new trial the same questions may not again be presented.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs.

LAUGHLIN, J.  I concur in result, being of opinion that the questions were for the jury, but that the verdict is against the weight of the evidence.

PATTERSON, J., dissents.