## COSGROVE v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 18, 1903.)

1. STREET RAILWAYS—INJURY TO TEAMS—CONTRIBUTORY NEGLIGENCE—FAILURE TO LOOK.

One driving a milk wagon at a jog trot, the horse being under perfect control, was guilty of contributory negligence in crossing a street car track, when he had seen the car standing some 30 feet from where it struck his horse, without again looking before attempting to cross.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Michael Cosgrove against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry A. Robinson (J. Ralph Hilton and William E. Weaver, of counsel), for appellant.

Carneluis F. Collim, for respondent.

BLANCHARD, J. The plaintiff sues for the value of a horse killed as the result of a collision between the horse, which was attached to a milk wagon driven by the plaintiff, and one of the defendant's cars. The accident happened at Thirty-Fourth street and Sixth avenue. The plaintiff, according to his own story, was guilty of contributory negligence. The wagon he was driving was an ordinary covered milk wagon, open in front and in the middle on the sides. The plaintiff was driving along the west side of Sixth avenue towards Thirty-Fourth street. When about 30 feet north of Thirty-Fourth street, he looked, and saw the car which struck him—a west-bound Thirty-Fourth street car—standing at the northeast corner of Sixth avenue and Thirty-Fourth street. This was about 30 feet from where the car struck the horse. The plaintiff admits he did not look or see the car again until it struck the horse. The horse was going at a "jog trot," not over five miles an hour, and was under perfect control, and could have been stopped instantly. When struck, the horse had just placed his forefeet over the first rail. Such is the plaintiff's story as he himself relates it. Having looked in the direction in which the car proceeded but once, the plaintiff failed in his very evident duty in proceeding to cross the track without again looking. From the nature of the accident as related by the plaintiff, it is quite evident that, had he taken even ordinary precautions, he might have avoided the accident. The plaintiff was clearly guilty of negligence contributing to the occurrence of the accident, and the judgment in his favor cannot be permitted to stand. It must be reversed, and a new trial ordered, with costs to appellant to abide event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.