(46 Misc. Rep. 89)

NEW YORK BREAD CO. v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 23, 1904.)

1. STREET RAILWAYS—COLLISION WITH TEAM—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE—EVIDENCE.

The questions of negligence and contributory negligence are for the jury, under evidence that when the driver of a team, which, after proceeding in a diagonal direction 15 to 20 feet from the curb, was struck by a street car, left the curb, he saw the car a block away, moving at a

·:. moderate speed; that, to have cleared the track, the team would have had to go from 20 to 50 feet; that when the front wheels of the wagon reached the track the car was 50 to 120 feet distant; and that the motorman did not ring the bell.

··    MacLean, J., dissenting.

·   Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the New York Bread Company against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
James H. Simpson, for respondent.

FREEDMAN, P. J. One of the plaintiff's wagons was standing in front of a store on the west side of Second avenue, between Fifty-Fourth and Fifty-Fifth streets. It was facing south, and was quite near the southerly end of the block, viz., about 40 feet north of Fifty-Fourth street. The driver came out of the store, walked to the curb where the wagon stood, got upon the wagon, and drove in a southerly direction diagonally across Second avenue. He intended to go east through Fifty-Fourth street. After the wagon had proceeded a distance of from 15 to 20 feet, it was struck by one of defendant's southbound cars, pushed against an elevated railroad pillar, and injured, and for the damages occasioned by such injury this action was brought. Plaintiff had judgment.

It appears from the testimony that before the driver left the curb he looked north, and saw that the car which struck him was then north of Fifty-Fifth street, "moving at a moderate rate of speed." The car struck the front part of the wagon. It further appears that, in order to fully clear the defendant's track, it would only have been necessary to traverse a distance of from 20 to 50 feet; and there was testimony to the effect that, at the time the front wheels reached the track, the car was from 50 to 120 feet distant. There was also evidence from which it might be said the motorman rang no bell. Under the circumstances, the questions of negligence were those of fact, and not of law. The facts in the case are materially different from those in Cosgrove v. Int. St. Ry. Co. (Sup.) 84 N. Y. Supp. 885, and Groening v. Int. St. Ry. Co. (Sup.) 88 N. Y. Supp. 355.

Judgment affirmed, with costs.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). The jury found for the plaintiff upon its claim for injury to one of its wagons in a collision with a car; but, under the charge of the learned court and the applicable law, the defendant should have had the verdict, for the driver established his own contributory negligence by testifying that, coming out of a store (the third building north of Fifty-Fourth street on Second avenue) and crossing the sidewalk, he saw a car at Fifty-Fifth street coming south

at a moderate rate of speed; then he jumped upon his wagon so nearly alongside of the curb that he could make the step from the curb, which was 15 to 20 feet from the westerly rail of the southbound track; his horse started to go diagonally toward and across the track, and so, when the wagon had gone about 20 or 25 feet and entered upon the track, it was struck. The last look of the driver at the car was when he was upon the sidewalk. "Having looked in the direction in which the car proceeded but once, the plaintiff failed in his very evident duty in proceeding to cross the track without again looking." Cosgrove v. Int. St. Ry. Co. (Sup.) 84 N. Y. Supp. 885; Groening v. Int. St. Ry. Co. (Sup.) 88 N. Y. Supp. 355. There was nothing, so far as appears, to obstruct the driver's vision or distract his attention. Of course, he was just as much obligated to look out for his own safety as the defendant was to prevent his being injured. "While the law requires the defendant to move its cars with care, to the end that persons crossing the street may not be injured, it also requires such persons to exercise an equal amount of care to prevent being injured. If a person using the street fails to exercise this care and is injured, he cannot recover from the defendant, inasmuch as his own negligence contributed to it." Little v. Third Ave. R. Co., 83 App. Div. 330, 82 N. Y. Supp. 55.

The judgment should be reversed.