(100 App. Div. 303)

### GREENE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. STREET RAILWAYS—INJURY TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
    Evidence in an action against a street railway company for personal injuries *held* to show that plaintiff was guilty of contributory negligence in attempting to cross the track in front of a rapidly approaching car.

Appeal from Trial Term, New York County.

Action for personal injuries by Patrick Greene against the Metropolitan Street Railway Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Bayard H. Ames, for appellant.
George H. Culver, for respondent.

INGRAHAM, J. The plaintiff, with two friends, on the evening of the 28th of October, 1900, at about 9 o'clock, walked down the east side of Third avenue to the corner of Fifty-Third street, looked up and down the avenue, and saw a south-bound car coming about three-quarters of a block away. They then started from the sidewalk to cross the avenue, and walked straight across, with-

out again looking, until they were upon the south-bound track, upon which they had seen the car approaching. The plaintiff testified that when he was in the center of the south-bound track he looked up, and the car was right upon him; that the car appeared to be coming very fast—faster than the usual speed; and, when asked particularly in reference to the speed of the car, he replied, "Well, I couldn't say, but it was coming fast;" that, when he looked up, the car was then five or ten feet away; that he made an attempt to get out of the way, but was struck. His two companions were examined as witnesses. They seem to have seen the car at about the same time. One jumped across the track and escaped. The other, being behind the plaintiff, stopped before going upon the track. One of the plaintiff's companions testified that when he first saw the car, as he was stepping off the sidewalk, it was running at a furious rate of speed. The second time he saw it it was going about the same. The plaintiff's other companion testified that when he first saw the car it was running fast, and he then started to cross the track, and, the next thing he saw, the car was within ten feet of him; that he got across the track; that when he saw the car the second time he was on the west side of the west side track, and was ready to step on the west side of the rails of the west side track.

There was no evidence to justify a finding that the defendant was negligent, or that the plaintiff was free from negligence. The plaintiff and his companions walked in front of an approaching car which was coming at a rapid rate of speed. There was nothing to indicate to the motorman that they intended to cross in front of the car; nothing to require the motorman to stop the car to let them cross. But whatever may be said of the negligence of the defendant, it is entirely clear that the accident was caused by the negligent act of the plaintiff in stepping in front of this rapidly approaching car when it was at such a distance from him that no act of the motorman could have prevented the accident. While I do not think that, as a matter of law, it is contributory negligence for a person to attempt to cross the track of a street railroad because a car is in sight, it is certainly reckless conduct to step in front of a rapidly approaching car when the car is only 10 feet away. I think it immaterial whether or not the plaintiff looked after leaving the sidewalk. If he looked, he must have seen that an attempt to cross in front of the car would necessarily result in a collision. If he saw a rapidly approaching car when he stepped off the sidewalk, and he walked on without looking, and, because of his failure to look, he placed himself in a position of danger, he was guilty of negligence which precludes a recovery.

I think therefore, that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.