KEOUGH v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   March 21, 1905.)

STREET RAILWAYS—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

One who started to cross a street in the middle of a block, and, although it was daylight, and there was nothing to obstruct her vision, attempted to cross in front of a street car, which she had seen before leaving the curb, but had not again looked for, and was struck and injured before she had cleared the track, was guilty of contributory negligence.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 207, 208.]

Appeal from City Court of New York, Trial Term.

Action by Rose Keough against the Interurban Street Railway Company.   From a judgment for plaintiff and from an order denying a new trial, defendant appeals.   Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.

Edward Russell, for respondent.

SCOTT, J.   It is necessary to read no more than the plaintiff's own testimony to reach the conclusion that she was guilty of contributory negligence.   She desired to cross Amsterdam avenue at a point betweenNinetieth and Ninety-First streets, not at an intersection of the avenue with a street.   Before she left the curb she saw defendant's car somewhere between Ninety-First and Ninety-Second streets running very rapidly.   She had about 26 feet to go before reaching the track on which the car was running.   Under these circumstances, in daylight, with nothing to obstruct her vision, she started across the avenue, and never looked again for the car.   She attempted to cross in front of it, and was struck before she had succeeded in clearing the track.   It has been held in a multitude of cases that a plaintiff under such circumstances is guilty of contributory negligence, and particularly is this so where the attempt to cross a street is in the middle of a block.   Lynch v. Third Ave. R. R. Co., 88 App. Div. 604, 85 N. Y. Supp. 180.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.