### FURLONG v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

STREET RAILROADS—INJURIES·TO BICYCLISTS—CONTRIBUTORY NEGLIGENCE.

Plaintiff, on entering an avenue on which were double street car tracks, from a side street, saw a south-bound car approaching about half a block away, and ·a north-bound car approaching on the track nearest to her. She slowed up her bicycle to permit the north-bound car to pass in front of her, and immediately "cut right across" behind it, in front of the south-bound car, which was then so close that a collision could not be averted. *Held*, that plaintiff was guilty of contributory negligence, as a matter of law.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 207, 208, 214, 215.

Appeal from Trial Term, New York County.

Action by Belle Furlong against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

B. H. Ames, for appellant.
W. W. Shaw, for respondent.

PATTERSON, J. The plaintiff recovered a judgment in an action for personal injuries alleged to have been sustained through the negligence of a motorman in charge of one of the defendant's cars. She was riding a bicycle on Forty-Third street near Eighth avenue, going from the east to the west, and, as she was crossing the westerly track of the defendant's road on Eighth Avenue, she was struck by a south-bound car, and was thrown to the ground and injured. She had a verdict in the court below, from the judgment entered upon which, and from an order denying a motion for a new trial, the defendant has appealed.

An examination of the record convinces us that it is not shown that the plaintiff was free from contributory negligence, but rather induces the belief that her own negligence was the cause of the collision. Her own account is sufficient upon that subject. She testified that as she was crossing the east cross-walk at Eighth avenue and Forty-Third· street, but had not then reached the easterly track, she looked north,

and saw a south-bound car approaching about half a block away. When she looked, she was coming into the avenue out of Forty-Third street. She was very near the uptown track, and there was nothing on the east side of Eighth avenue. She slowed down a little for the uptown or north-bound car to pass, and then she started to go across just as fast as she could ride. Meantime the south-bound car was advancing rapidly. She went immediately behind the uptown car, after giving it time to go by, and, as she says, "cut right across behind it." When next she saw the downtown car, it was upon her. Evidently, on her own testimony, what the plaintiff did was to slow up for the north-bound car, and then, when it passed, she proceeded directly in front of the south-bound car, so close that she could not cross the track in safety or avoid contact with the car; and, before all this, she had seen the south-bound car moving rapidly at a distance of only half a block. The imminency of danger would have been apparent if the plaintiff had paid any attention at all to her situation. She also testified that when she was between the two rails she started to peddle as hard as she could. She did not look for the approaching car again after she first saw it. Barnum, a witness on her behalf, who was standing on the northeast corner of Forty-Third street and Eighth avenue, testified that he did not see the collision itself; that the uptown car prevented him from doing so. But he testifies that the plaintiff went immediately behind the rear of the north-bound car. Phillips, another witness for the plaintiff, said that he was on the west side of Eighth avenue, between Forty-Third and Forty-Fourth streets, at the time the accident happened; that the plaintiff was riding at about four or five miles an hour, and crossing the track diagonally, and when she was between the two tracks the car was two or three houses away from the corner. But he also says that he did not notice the south-bound car after the plaintiff went on the north-bound track, which renders his estimate of distance valueless. On this evidence, it cannot be said that it was shown that the plaintiff was free from contributory negligence. Greene v. Met. St. Ry. Co., 100 App. Div. 303, 91 N. Y. Supp. 426; Lynch v. Third Ave. R. Co., 88 App. Div. 604, 85 N. Y. Supp. 180; Barney v. Met. St. Ry. Co., 94 App. Div. 388, 88 N. Y. Supp. 335; Madigan v. Third Ave. R. Co., 68 App. Div. 123, 74 N. Y. Supp. 143. She knew the car was approaching, and ordinary caution should have prompted her to wait until the southbound car had passed. Reed v. Met. St. Ry. Co., 180 N. Y. 315, 73 N. E. 41; Little v. Third Ave. R. Co., 83 App. Div. 330, 82 N. Y. Supp. 55, affirmed 178 N. Y. 591, 70 N. E. 1102.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.