Belle Furlong, Respondent, *v.* Metropolitan Street Railway Company, Appellant.

*Negligence — injury to a bicycle rider passing behind one street car and struck by another approaching in the opposite direction, which had previously been seen by her.*

In an action brought to recover damages for personal injuries, it appeared that on the day of the accident the plaintiff was riding a bicycle westerly along Forty-third street in the city of New York; that as she was passing the east crosswalk at the intersection of Forty-third street and Eighth avenue, on which avenue the defendant maintained a double-track street railway, and before she had reached the easterly or north-bound track of said railway, she looked north and saw, about half a block away, a south-bound car approaching rapidly; that as she approached the north-bound track she slackened her speed a trifle in order to allow a north-bound car to pass; that immediately after it had passed she started to cross the tracks as fast rs she could ride; that when she reached the south-bound track she was struck and injured by the south-bound car, which she had not looked for after seeing it as above stated.

*Held,* that a judgment entered upon a verdict in favor of the plaintiff should be reversed on the ground that the evidence did not show that the plaintiff was free from contributory negligence, but rather that she was guilty of negligence;

That as the plaintiff knew the south-bound car was approaching, ordinary caution should have led her to wait until it had passed.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of June, 1904, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 7th day of June, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Bayard H. Ames,* for the appellant.

*William West Shaw,* for the respondent.

PATTERSON, J. :

The plaintiff recovered a judgment in an action for personal injuries alleged to have been sustained through the negligence of a motorman in charge of one of the defendant's cars. She was riding a bicycle on Forty-third street near Eighth avenue, going from the east to the west and, as she was crossing the westerly track of the defendant's road on Eighth avenue, she was struck by a south-bound car, was thrown to the ground and injured. She had a verdict in the court below, from the judgment entered upon which and from an order denying a motion for a new trial the defendant has appealed.

An examination of the record convinces us that it is not shown that the plaintiff was free from contributory negligence, but rather induces the belief that her own negligence was the cause of the collision. Her own account is sufficient upon that subject. She testified that as she was crossing the east crosswalk at Eighth avenue and Forty-third street, but had not then reached the easterly track, she looked north and saw a south-bound car approaching about half a block away. When she looked, she was coming into the avenue out of Forty-third street. She was very near the uptown track and there was nothing on the east side of Eighth avenue. She slowed down a little for the uptown, or north-bound car to pass, then she started to go across just as fast as she could ride. Meantime, the south-bound car was advancing rapidly. She went immediately behind the uptown car, after giving it time to go by, and, as she says, "cut right across behind it." When next she saw the downtown car it was upon her. Evidently, on her own testimony,

what the plaintiff did was to slow up for the north-bound car and then, when it passed, she proceeded directly in front of the south-bound car so close that she could not cross the track in safety or avoid contact with the car; and before all this, she had seen the south-bound car moving rapidly at a distance of only half a block. The imminency of danger would have been apparent, if the plaintiff had paid any attention at all to her situation. She also testified that when she was between the two rails, she started to pedal as hard as she could. She did not look for the approaching car again after she first saw it. Barnum, a witness on her behalf, who was standing on the northeast corner of Forty-third street and Eighth avenue, testified that he did not see the collision itself; that the uptown car prevented him from doing so; but he testifies that the plaintiff went immediately behind the rear of the north-bound car. Phillips, another witness for the plaintiff, said that he was on the west side of Eighth avenue between Forty-third and Forty-fourth streets at the time the accident happened; that the plaintiff was riding at about four or five miles an hour and crossing the track diagonally and when she was between the two tracks the car was two or three houses away from the corner; but he also says that he did not notice the south-bound car after the plaintiff went on the north-bound track, which renders his estimate of distance valueless.

On this evidence it cannot be said that it was shown that the plaintiff was free from contributory negligence. (*Greene* v. *Met. St. R. Co.*, 100 App. Div. 303; *Lynch* v. *Third Ave. R. R. Co.*, 88 id. 604; *Barney* v. *Met. St. R. Co.*, 94 id. 388; *Madigan* v. *Third Ave. R. R. Co.*, 68 id. 123.) She knew the car was approaching and ordinary caution should have prompted her to wait until the south-bound car had passed. (*Reed* v. *Met. St. R. Co.*, 180 N. Y. 315; *Little* v. *Third Ave. R. R. Co.*, 83 App. Div. 330; affd., 178 N. Y. 591.)

The judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.