though defendant was probably not misled. Southwick v. First National Bank of Memphis, 84 N. Y. 426; Reed v. McConnell, 133 N. Y. 426, 31 N. E. 22; Davis v. Broadalbin Knitting Company, 90 App. Div. 567, 86 N. Y. Supp. 127. If plaintiff's complaint be interpreted as one in rescission, because the corporation had made itself incapable of performing the contract by its general assignment for the benefit of its creditors, still the plaintiff could not recover from the defendant on that ground, because that act was not performed until the 28th of March, 1898; and if there was any occasion for the corporation filing a report thereafter, there is no proof that this was not done, or that the defendant continued to be a director. Even on the plaintiff's own theory there is doubt whether the testimony discloses an actual rescission in June, 1897; but our conclusion that the judgment must be reversed because the recovery was had upon a cause of action not alleged in the complaint and inconsistent with it, to which defendant made proper objection, renders it unnecessary for us to consider this question, or the many others urged in appellant's brief.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

(110 App. Div. 673.)

McENTEE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

1. STREET RAILROADS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.
Plaintiff while crossing a street saw cars approaching from the north and south. The south-bound car was 40 or 50 feet away. He paid no attention to it, but walked in front of it, and was injured. There was nothing to obstruct his view nor to distract his attention except the northbound car. *Held*, as a matter of law, that plaintiff was guilty of negligence precluding a recovery though the company was negligent.
[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 207, 208.]

2. SAME—GIVING NOTICE OF APPROACH OF CAR.
Whether any notice was given of the approaching car was immaterial because plaintiff knew it was approaching.
[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 207.]

3. SAME—ASSUMPTION THAT CAR WOULD BE OPERATED SAFELY.
Plaintiff did not have the right to assume that the car would be so controlled as to enable him to cross in safety.

Appeal from Trial Term, New York County.

Action by Hugh McEntee against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Bayard H. Ames, for appellant.
Charles M. Parsons, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries received by the plaintiff through the alleged neg-

ligence of the defendant's servants. After the plaintiff had rested, defendant moved to dismiss the complaint, upon the ground that his evidence failed to establish he was free from contributory negligence, and also that he failed to show his injuries were caused by defendant's negligence. This was denied, and an exception taken, and then defendant, without offering any evidence, rested and renewed the former motion to dismiss, which was also denied and an exception taken. Plaintiff had a verdict, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

I am of the opinion the complaint should have been dismissed, and that the exceptions taken to the refusal of the court to make such disposition of the case were well taken. The undisputed facts show that the plaintiff was guilty of contributory negligence, and had he exercised the care which the law imposed upon him, the accident would have been avoided. The defendant operated two lines of cars on Eighth avenue, one going in a northerly direction on the easterly and the other in a southerly direction on the westerly side of the avenue. About 11 o'clock in the forenoon of the 28th of February, 1902, plaintiff attempted to cross from the easterly to the westerly side of the avenue, a little south of the south crosswalk at 132d street, and in doing so was struck by a south-bound car, sustaining the injuries of which he complains. Immediately before, or while crossing the avenue, he saw a car approaching from the south and also one from the north. According to his testimony, he paid no attention to the south-bound car after he saw it, but walked in front of it, and was struck just as he had taken or was about to take the second step on the track on which that car was running. This car, when he saw it, was a little above the north crossing of 132d street, which, according, to the testimony of his witness Cohen, was only 40 or 50 feet from the place where the accident occurred, and when he stepped upon the track, only 5 or 6 feet from him. There was nothing to obstruct his view. He could have seen the car had he looked. Nor was there anything to distract his attention, except the car going in a northerly direction. He knew a car was approaching from the north as well as from the south, and it was his duty to avoid, if possible, a collision with either of them; and, had he paid the slightest attention to the south-bound car, he would not have been struck by it. The testimony of the plaintiff, as well as the testimony of his witnesses, bearing upon his movements, from the time he left the sidewalk until he was struck by the car, shows that he paid no attention to the car approaching from the north, but carelessly and heedlessly stepped directly in front of it.

It may be conceded that there was sufficient evidence to go to the jury upon the defendant's negligence, but if such concession be made, it does not aid the plaintiff, because even though the defendant were negligent, plaintiff could not recover, unless he himself were free from negligence, and his own evidence showed that he was not. He, therefore, failed to meet the burden, which rested upon him of showing such fact, and the complaint should have been dismissed. Lynch v. Third Ave. Ry. Co., 88 App. Div. 604, 85 N. Y. Supp. 180; Jackson v. Union Railway Co., 77 App. Div. 161, 78 N. Y. Supp. 1096; Greene v. Metropolitan St. Ry. Co., 100 App. Div. 303, 91 N. Y. Supp. 426;

Knapp v. Metropolitan St. Ry. Co., 103 App. Div. 252, 92 N. Y. Supp. 1071. Whether or not a bell were rung, or notice given of the approach of the car, is of no importance, because the plaintiff saw the car and knew it was approaching. Nor had he a right to assume that the car would be so controlled as to enable him to cross the tracks in safety. He had no more right to assume this than the motorman had to assume that he would so regulate his own movements as to prevent being struck by the car. Little v. Third Avenue R. R. Co., 83 App. Div. 330, 82 N. Y. Supp. 55, affirmed 178 N. Y. 591, 70 N. E. 1102.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.