of that sort, it still may be said it looks not unlikely that public convenience will be conserved the better by letting passengers take the cars designed and designated for them according not merely to custom, but to what has been found the better way for well-nigh, if not fully, the half a century in which cars have been run on short runs to accommodate traffic in the more frequented portions of routes, to the relief of passengers and lessening of crowding upon the long runs. However those presently exploiting them have come by the franchises for carrying passengers, they were granted, it must be assumed, for public benefit. The very name "rapid transit," far older than the act of 1875 first so named, more than suggests the desire, amounting to popular craving, for swift transportation, impeded as little and as seldom as it may. It is essential, as said in our court of last resort, to the convenient and useful working of the property that there be no unnecessary stoppage of regular transit at a rate of speed continuously kept up, and it is incumbent upon the passenger that he cause no unnecessary hindrance thereto.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

PLAUT v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. February 11, 1907.)

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Moses Plaut against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

James L. Quackenbush (Henry F. Gannon, of counsel), for appellant.

Laurence J. Bershad, for respondent.

PER CURIAM. The record herein presents the same questions that are raised in Baron v. New York City Ry. Co. (No. 18, decided this term) 102 N. Y. Supp. 746.

For the reasons stated in the opinion handed down in that case, the judgment herein must be affirmed, with costs to the respondent.

(52 Misc. Rep. 591)

---

MacGUIRE v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. February 11, 1907.)

STREET RAILROADS—COLLISIONS—ACTIONS—CONTRIBUTORY NEGLIGENCE.

In an action against a street railway company for injuries to a carriage and horses in a collision with a north-bound car, the driver testified that, after stopping to let a south-bound car pass, he drove onto the north-bound car track without looking for a car, and that there was nothing ahead of the north-bound car to prevent the motorman from seeing the carriage. Plaintiff, sitting on the back seat of the carriage, testified that he saw the north-bound car approach a block away, and knew

that the carriage stopped to let a south-bound car pass, and that he did not say anything to the driver. *Held* to show, as a matter of law, contributory negligence, precluding a recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 210–216.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Constantine J. MacGuire against the New York City Railway Company. From a judgment of the Municipal Court rendered in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

William E. Weaver, for appellant.

Joseph H. Fargis, for respondent.

GILDERSLEEVE, J. The plaintiff and a Dr. Mandel were sitting on the back seat of plaintiff's victoria, which was drawn by two horses driven by a coachman, along Twentieth street towards Broadway. There was an obstruction in front of them, which caused them to slow up, and when the obstruction moved away the carriage proceeded slowly to cross Broadway. The coachman waited for a south-bound car to pass, and then moved slowly across. A north-bound car came along and struck the forepart of the carriage, causing damage to horses and carriage, for which the justice allowed plaintiff $500.

It is not contended that this amount is excessive, if defendant was liable at all. The defendant's appeal is based on the claim of contributory negligence. The plaintiff's coachman testifies thus:

"Q. Did you see any north-bound car? A. I did not see the north-bound car until the horses were about on the track, and we were ready to cross the east side of the tracks. * * * I was looking out for the traffic coming from the other way—whether there were any vehicles on the other side of the track. I did not see the car until it was right against the horse. Q. Was there anything on that track to prevent the motorman from seeing your carriage? A. No, sir. There was nothing ahead of the north-bound car. Q. (on cross-examination). When this car hit you, it was almost the first you knew that there was a car coming from the south—just before it hit you? A. Yes, sir; that is the first I knew of it."

It would seem from the testimony that plaintiff's servant drove right in front of the north-bound car, without looking at all to see if any car was coming from the south, or taking any precaution whatever for his safety, or that of plaintiff and his horses and carriage, after stopping to let the south-bound car go by, and before driving upon the north-bound tracks. He says there was nothing ahead of the north-bound car, and nothing to prevent the motorman from seeing his carriage. He could, therefore, presumably have seen the car before crossing the north-bound track, and avoided the accident. It seems to us that upon his own showing plaintiff's driver was guilty of contributory negligence. See Little v. Third Ave. R. R. Co., 83 App. Div. 330, 82 N. Y. Supp. 55; Vonelling v. Met. St. Ry. Co., 35 Misc. Rep. 301, 71 N. Y. Supp. 751.

Plaintiff himself claims he saw the north-bound car rapidly approaching from Nineteenth street, at which street it made no stop. Plaintiff's

carriage then stopped, as we have seen, until the south-bound car had passed. It is urged by defendant's counsel in his brief that plaintiff must have known that by this time the north-bound car was pretty close at hand, and that the south-bound car might to some extent obstruct the view of the motorman of the north-bound car, so far as plaintiff's carriage was concerned, and that plaintiff said nothing to his driver, but ran his risk of getting over before the car struck him. We are of opinion that plaintiff did not satisfactorily establish his freedom from contributory negligence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.