HENDRICK, J. The complaint in the action sets forth a specific agreement between the Grolier Society of New York, plaintiff's assignor, and Helena Woolworth, the defendant, for the purchase of a certain set of writings of Alexander Dumas. This agreement is specific in its terms, and upon it the plaintiff must stand or fall. The answer of the defendant admits that a contract was entered into between the parties mentioned, but denies that it was in the form set forth in the complaint. The affidavit upon which the plaintiffs based their application for an examination of the defendant before trial states:

"I may be surprised upon the trial by the production and proof of some other agreement, the performance of which I may, according to its terms, not be prepared to prove."

The affidavit further states that the deponent is informed by his counsel that the examination of the defendant at this time is necessary in order to properly prepare the case for trial and to prevent surprise thereon. It would appear, from an examination of all the papers on appeal, that this is an effort to discover evidence to be adduced by the defendant on the trial, in order to establish her defense to the allegations of the complaint. After issue is joined, an examination of the defendant before trial should be limited to the purpose of proving the plaintiff's case as set forth in his complaint. Such examinations are never allowed where the apparent and only object is to obtain information concerning facts upon which the defense is based. Neither are such examinations allowed merely for the purpose of enabling a party to prepare for trial. Dudley v. N. Y. Filter Mfg. Co., 80 App. Div. 164, 80 N. Y. Supp. 529. The cases are many and uniform in holding this doctrine.

The orders of December 5, 1906, and of December 13, 1906, denying the motion to vacate the order directing examination, should be reversed, and the order dated November 24, 1906, directing the examination of the defendant before trial, should be vacated, with costs and disbursements, and with $10 costs on appeal to this court. All concur.

---

(118 App. Div. 543)

### ROBINSON v. CROSSTOWN ST. RY. CO. OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1907.)

1. STREET RAILROADS—OPERATION—COLLISIONS WITH VEHICLES—CONTRIBUTORY NEGLIGENCE.

Plaintiff, while driving on the tracks of defendant in the street and knowing that a car was approaching, turned from the tracks sufficiently to allow the car to pass, but before it did so turned again upon the tracks, without taking any precaution for his safety, and was struck by the car. Held, as a matter of law, that the plaintiff was guilty of negligence, precluding a recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 210–216.]

2. SAME—CARE REQUIRED—SIGNAL GIVEN.

Whether notice was given of the approaching car was immaterial, because plaintiff knew it was approaching.

Williams, J., dissenting.

Appeal from Special Term, Erie County.

Action by Jay Robinson against the Crosstown Street Railway Company of Buffalo. From an order denying defendant's motion for a new trial, it appeals. Reversed and remanded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles B. Sears, for appellant.

Philip A. Laing, for respondent.

SPRING, J. The plaintiff on the 21st day of March, 1904, was struck by one of defendant's trolley cars on Abbott Road, in the city of Buffalo, and was injured, and brings this action to recover for such injuries. Abbott Road runs in an easterly and westerly direction, and two tracks of the defendant are operated along it; the outside rail of either track being about nine feet from the curb. The plaintiff was driving east with a large load of hay on a hayrack drawn by two horses; his wheels running on the defendant's southerly or right-hand track. The defendant's car was following him on the same track, and, when near Abbey street, about 500 feet away, the motorman began sounding the gong to warn the plaintiff of the approach of the car, so that he might get off the track. The plaintiff intended to have his hay weighed on a pair of hay scales which was in an alleyway at his right hand as he was going east, and he turned his team to the left, clearing the track on which he had been traveling sufficiently so that the car could pass him, and then turned to the right for the purpose of crossing the track and reaching the hay scales. He had nearly crossed the track when his wagon was hit by the defendant's car. The car contained quite a number of passengers, and the proof shows clearly that the motorman sounded the gong back 500 feet or more, and continued to do so until the plaintiff had cleared the track sufficiently to enable the car to pass. The motorman also slowed down his car; but, after the wagon had got over the track, he accelerated its speed, and, when the horses in their turn again got on the east-bound track, the motorman reversed the lever and endeavored to stop the car, but claimed he was unable to do so.

The evidence is very slight to show any negligence on the part of the defendant. Several witnesses, among them passengers who were on the car, testified to the warning signal, to the slowing down of the car, and to the fact that the load of hay had cleared the track three or four feet, so that there was ample room for the car to pass, before the motorman increased its speed. Two or three witnesses also testified to the attempt of the motorman to stop the car after the turn had been made. The motorman had a right to assume that the plaintiff left the track in response to the warning which had been given and for the purpose of allowing the car to pass. But, if we assume that the motorman might have stopped his car after the horses had reached the track in their turn, I think that the plaintiff was guilty of contributory negligence as matter of law. He testified that he looked back when he started to make the turn in order to reach the hay

scales, and saw the car approaching about 500 feet away, and he did not look again at all. His version is as follows:

"The first I knew that a car was coming was when I started to turn out of their right-hand track. I looked back. I saw a car way back. That was when I began to turn to the left. The car was back near Abbey street. I have measured, or assisted in measuring, that distance from Abbey street to the scales. The distance is about 500 feet. This was about 2 o'clock in the afternoon. It was a fair day. After I looked back and saw the car near Abbey street, I did not see the car again until I was struck."

Further, on cross-examination, he says:

"I did not give the car any further thought." And again: "On this occasion I raised up once and saw that car."

And he further testified that he was in the habit of making the turn to the left, or over the parallel track, for the purpose of allowing an approaching car to pass him. As he said:

"With a load of hay I turn to the left-hand side of the street to let the car go by. That is what I did on this occasion. I turned toward the left-hand side of the street."

We have this situation, therefore: Plaintiff, driving on the defendant's track, knowing that a car is approaching him, turns with a view of making a wide curve with a long load of hay for the purpose of crossing the street, takes one glance back when he first starts on his course, and does not again look toward the car at all. I think, within the cases, he was guilty of contributory negligence as matter of law. Lynch v. Third Ave. R. R. Co., 88 App. Div. 604, 85 N. Y. Supp. 180; McEntee v. Met. St. R. R. Co., 110 App. Div. 673, 97 N. Y. Supp. 476; Lofsten v. Brooklyn Hts. R. R. Co., 184 N. Y. 148, 76 N. E. 1035. The plaintiff testified that he did not hear any warning. He does not pretend that he was paying any attention, and a warning was unnecessary (Lynch v. Third Ave. R. R. Co., supra); for he knew the car was approaching. But the evidence is overwhelming that the warning was given.

There is an error in the charge, which, it seems to me, in any event must require a reversal of this judgment. When the plaintiff made the turn, he was not at a street intersection. The court charged the jury that:

"The defendant's car had the paramount right of way, superior to that of vehicles, and that it was the duty of the driver of this hay wagon to use reasonable care to keep out of the way of approaching cars."

He was then asked to charge as follows:

"I ask your honor to charge the jury that if plaintiff drove so as to be free from the cars, so as to be free from the course of this east-bound car, out of that course, and then turned toward the driveway without any precaution, taking no precaution for his safety, he was guilty of negligence, and cannot recover."

The court responded:

"I think I will leave that to the jury."

The defendant was entitled to this instruction. The evidence tended to show, at least, that the plaintiff, after he had left the track on which

he was traveling, turned again without looking back or giving any heed to the approaching car, although he knew it was coming. If so, he was not entitled to recover, and that was the gist of the request. The order should be reversed, and the motion for new trial granted, with costs to appellant to abide event.

Order reversed, and motion for new trial granted, with costs to appellant to abide event.

McLENNAN, P. J., concurs.   KRUSE and ROBSON, JJ., concur on last ground stated in opinion.   WILLIAMS, J., dissents, and votes for affirmance.

(118 App. Div. 56)
## KEENAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   March 8, 1907.)

1. CARRIERS—INJURY TO PASSENGER—ACTIONS—EVIDENCE—WEIGHT AND SUFFICIENCY.

In an action against a street car company for injuries received by being thrown from the car step, evidence examined, and *held* insufficient to sustain the finding that the servants of defendant were negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1309, 1310.]

2. DAMAGES—PLEADING—ISSUES—PROOF AND VARIANCE.

Where a husband, in an action for injuries to his wife, alleged that her services, which he lost, consisted of keeping house for him, it was error to allow him to prove that she assisted him in his duties as janitor.

3. SAME—EVIDENCE—ADMISSIBILITY—LOSS OF EARNINGS OR SERVICES.

In an action by a husband for loss of services of his wife, the loss of wages by his daughters, who remained at home to perform the duties of his wife, was not proper proof of the reasonable value of the services of the wife.

4. TRIAL—MISCONDUCT OF COUNSEL—INTERRUPTIONS.

5. SAME—MATTERS NOT SUSTAINED BY EVIDENCE.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 285–287.]

Appeal from Trial Term, New York County.