(22 App. Div. 426.)

### HUBER v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. STREET RAILROADS—RIGHT OF WAY.
     The car of a surface railway has no paramount right of way at the intersection of a cross street.

2. SAME—COLLISION WITH VEHICLE.
     At the trial of an action to recover damages for an injury due to a collision between plaintiff's vehicle and a surface car, it appeared that plaintiff saw the car approaching while 300 feet distant. Defendant's request for a charge "that the defendant was not guilty of negligence for failing to ring a gong at the point in question" was refused. *Held* that, as the only object of ringing a bell is to apprise travelers of the approach of a car, the refusal was error.

Appeal from Kings county court.

Action by Joseph Huber against the Nassau Electric Railroad Company. From a judgment for plaintiff, entered on a verdict of a jury,

and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

Henry Yonge, for appellant.

Nathaniel H. Clement, for respondent.

CULLEN, J. This action is brought to recover damages for injuries to the person and property, sustained in a collision between the plaintiff's vehicle and the defendant's car. The accident occurred at night. The plaintiff was crossing the defendant's track in the line of an intersecting street. At such an intersection the defendant's car had no paramount right of way. Buhrens v. Railroad Co., 53 Hun, 571, 6 N. Y. Supp. 224, affirmed by the court of appeals, 125 N. Y. 702, 26 N. E. 752; Bresky v. Railroad Co., 16 App. Div. 83, 45 N. Y. Supp. 108.

The case was one for the jury, and the motion to dismiss the complaint was properly denied; but we are of opinion that the learned trial court erred in its charge. The defendant asked the court to charge "that the defendant was not guilty of negligence by reason of any failure to ring a gong at the point in question." This the court refused, and left the question of negligence for such failure to the jury. The plaintiff testified that he saw the car 300 feet away. The only object of ringing a gong or bell is to apprise travelers of the approach of the car. As the plaintiff was already aware of the approach of the car, we cannot see that a failure to ring the gong was a material element in the case, and the jury should have been so instructed. Daniels v. Rapid Transit Co., 125 N. Y. 407, 26 N. E. 466.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.