PER CURIAM. While we think that the questions involved in this case should be reviewed by the court of appeals, there seems to be no occasion for leave from this court in order to enable the appellants to take the case there. Upon the entry of final judgment they can appeal to the court of appeals as matter of right. The mere fact that this procedure will involve some delay does not seem to us sufficient reason for departing from the ordinary practice. Motion denied, without costs.

---

STEELE, Appellant, v. DIETZ, Respondent. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Edward H. Steele against Howard Dietz. No opinion. Motion to dismiss appeal granted, unless appellant pay $10 costs within five days, in which case motion is denied.

---

STELZNER, Respondent, v. HOFFMAN, Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Julius Stelzner against Henry Hoffman. No opinion. Judgment of the municipal court affirmed by default, with costs.

---

STERN, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Isaac Stern against the Metropolitan Street Railway Company. H. A. Robinson (G. Glenn Worden, of counsel), for appellant. S. N. Tuckman, for respondent.

PER CURIAM. The evidence for the plaintiff shows a lad six years old, and near the middle of the block he attempted to cross the rails, when the defendant's horse car was approaching from a point four or five houses distant. The boy was struck by one of the horses and injured. The case was submitted to the jury on this proof, a motion to dismiss the complaint having been denied. Conceding the driver negligent, the child was equally so, and the motion to dismiss should have been granted. Judgment reversed, and new trial ordered, with costs to abide event.

---

STEVENS, Appellant, v. SIEGEL–COOPER CO., Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Carrie E. Stevens against the Siegel-Cooper Company. Gantz, Neier & McKennell, for appellant. Rose & Putzel, for respondent.

PER CURIAM. Plaintiff was the owner of a picture called "Christ and the Magdalene." She claims that she hired the picture to defendant to be used by them in decorating their rooms in a food show exhibition, but she admits that no amount of rent was fixed, and that she rendered no bill until a year afterwards. The defendant, through its witnesses, acknowledges that the picture was hung in its rooms, but asserts that the use was voluntarily given it by plaintiff in the expectation that its exhibition under the circumstances might enable her to dispose of it by sale. The picture was seven by nine, and its fair and reasonable market value was stated by plaintiff's expert to be $500. This same witness testified $75 a week was a reasonable rent charge. There was a conflict of evidence upon the question as to whether the picture was hired or voluntarily loaned, and an examination of the testimony warrants the decision reached by the court below. Some exceptions were taken to rulings upon the admission of evidence, and while from a highly technical standpoint such rulings may be open to criticism, still the preponderance of absolutely competent testimony was in defendant's favor. Judgment affirmed, with costs.

---

STEVER v. HUDSON RIVER STONE SUPPLY CO. (Supreme Court, Appellate Division, Third Department. September 18, 1901.) Action by Wallace Stever against the Hudson River Stone Supply Company. No opinion. Motion denied, with $10 costs.

---

STILLSON, Respondent, v. EVANS et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by Robert L. Stillson against Charles E. Evans and others. Howe & Hummel, for appellants. H. L. Maxson, for respondent. No opinion. Judgment affirmed, with costs.

---

STILLWATER & M. ST. RY. CO. v. BOSTON & M. R. R. (Supreme Court, Appellate Division, Third Department. September 18, 1901.) In the matter of the application of the Stillwater & Mechanicville Street Railway Company for the appointment of commissioners, under section 12 of the railroad law, against the Boston & Maine Railroad. No opinion. Reargument of the motion to dismiss appeal ordered to be heard with the argument of the appeal.

---

STREEP, Respondent, v. McLAUGHLIN et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by Frank S. Streep against James McLaughlin and others. A. B. Malcolmson (J. A. McCreery, of counsel), for appellants. Howe & Hummel (Nathaniel Cohen, of counsel), for respondent.

PER CURIAM. The judgment is sustained by the weight of evidence. The charge of the judge, we think, was faultless. Evidently, the appellants even so considered it, because, after its delivery, no exception to it was taken by them. Their criticism of it at this time does not appeal to us. We think it fairly and truly stated the law applicable to the case. If it was not full or comprehensive enough to suit appellants, their attorney should have made proper requests to charge, which undoubtedly would have been properly submitted to the jury. Their complaint in that