CHARLES LOFSTEN, Respondent, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

1. CONTRIBUTORY NEGLIGENCE — WHEN QUESTION OF LAW. While the question of contributory negligence is ordinarily one of fact for the jury, yet a party may create by his own acts a controlling presumption that he has been deficient in ordinary caution, and, therefore, guilty of contributory negligence as a matter of law.

2. SAME.   Where it appears, in an action brought by a person struck and injured by an electric car while crossing a public street, that, when plaintiff approached the curb of the street through which the railway tracks were laid, he looked and saw a car, distant about fifty feet and approaching at a rate of five or six miles an hour; that from the time he left the curb to cross the street, although there was nothing to obstruct his view or distract his attention, he never looked toward the car or took the slightest pains to ascertain where it was until just before the car struck him, when a shout called his attention to it and looking up he saw it upon him, the plaintiff must be deemed to have not exercised ordinary prudence and is guilty of contributory negligence as a matter of law.

*Lofsten* v. *Brooklyn Heights R. R. Co.*, 97 App. Div. 395, reversed.

(Submitted January 29, 1906; decided February 27, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

October 19, 1904, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*I. R. Oeland*, *H. F. Ives* and *George D. Yeomans* for appellant. The plaintiff failed to show his freedom from contributory negligence, and the motion to dismiss made at the end of the plaintiff's case and again at the end of the entire case should have been granted. (*Weiss* v. *M. S. R. Co.*, 33 App. Div. 221; *Lynch* v. *T. A. R. R. Co.*, 88 App. Div. 604; *Thompson* v. *M. S. Ry. Co.*, 89 N. Y. 10; *Little* v. *T. A. R. R. Co.*, 83 App. Div. 330; *John* v. *U. Ry. Co.*, 77 N. Y. 161; *Kappus* v. *M. S. R. Co.*, 92 App. Div. 13; *Reed* v. *M. St. Ry. Co.*, 180 N. Y. 315; *Biederman* v. *D. D., etc., R. R. Co.*, 54 App. Div. 291; *Johnson* v. *T. A. R. R. Co.*, 69 App. Div. 247; *Landrigan* v. *B. H. R. R. Co.*, 23 App. Div. 43.)

*James C. Cropsey* and *Benjamin F. Norris* for respondent. The questions of defendant's negligence and plaintiff's freedom from contributory negligence were properly left to the jury. (*Kettie* v. *Turl*, 162 N. Y. 255; *Degraw* v. *Erie R. R. Co.*, 49 App. Div. 29; *Dunican* v. *U. Ry. Co.*, 39 App. Div. 497; *McDermott* v. *B. H. R. R. Co.*, 89 App. Div. 214; *Frank* v. *M. S. Ry. Co.*, 58 App. Div. 100; *Lawson* v. *M. St. Ry. Co.*, 40 App. Div. 307; 166 N. Y. 589; *Kennedy* v. *T. A. R. R. Co.*, 31 App. Div. 30; *Legare* v. *U. Ry. Co.*, 61 App. Div. 202; *Hoyt* v. *M. St. Ry. Co.*, 73 App. Div. 249; 175 N. Y. 502; *Green* v. *M. S. Ry. Co.*, 42 App. Div. 160.)

HISCOCK, J.  Plaintiff recovered a small verdict for personal injuries sustained through being struck by one of defendant's cars as he was walking across one of its tracks in Fulton street in the borough of Brooklyn.

We think that the evidence showed that he was guilty of contributory negligence as a matter of law, and that the judgment in his favor should be reversed.

Plaintiff was a person of mature age. He walked upon the east side of Hoyt street to Fulton street and there attempted to cross the latter street and defendant's tracks therein. It was about 7:30 in the morning and apparently broad daylight. When he got to the curb upon the near side of Fulton street he looked and saw approaching at a distance of not to exceed fifty feet the car which afterward struck him. This car was proceeding at a rate of five or six miles an hour as described by the only witness who spoke definitely upon this subject. It was in the neighborhood of fourteen feet from this curb from which plaintiff saw the car to the nearest rail of the track upon which he was struck. According to his version there was nothing whatever to obstruct his view of the approaching car. Defendant's motorman asserted that there was a wagon which obscured his view of plaintiff, but the latter distinctly and expressly repudiated this statement. There was nothing except the ordinary traffic in the street which could distract his attention, nor was there any claim upon his part that anything did distract it.

He was struck by the nearest forward corner of the car, but he seeks to mitigate the inference that he fairly walked into the car by the assertion that when he had reached the middle of the track and saw the car upon him he stepped back a step.

From the time plaintiff left the curb to the instant of the collision he never looked at or in the direction of the approaching car, or by any other method so far as appears took the slightest pains to ascertain where it was until a shout called his attention to it and looking up he saw it upon him.

Without any lengthy discussion of the principles applicable to these facts, we think it is clear that the plaintiff did not exercise ordinary prudence. The mere statement of his conduct impresses the mind at once that in utter disregard of all

precautions he placed himself in front of defendant's car. The car had only a comparatively few feet to go to cross the line of plaintiff's course when the latter left the curb. When he saw it, it was proceeding at a considerably more rapid pace than he was. By the time he had proceeded from the curb to the track the car had so covered its distance that it was practically upon him as he stepped upon the track. If he had exercised the slightest heed by either looking or listening he would have detected its presence in such close proximity as to disclose at once the foolhardiness of stepping upon the track in front of it. Nothing but utter oblivion of his surroundings and of his obligations could mislead a traveler into the conduct displayed by plaintiff. It is true that the defendant's employees were under the obligation to manage the car with care and prudence, but this obligation of care was not confined to them. It also rested upon the plaintiff, and their negligence, if they were guilty of it, did not relieve him from the consequences of his own fault.

We are fully mindful of the proposition urged by plaintiff that ordinarily the question of contributory negligence is one of fact for the jury. But, of course, there are limits to this rule and a party may create a controlling presumption of law that he has been deficient in ordinary caution. The plaintiff in this case seems to have reached such limit and to have created such presumption.

Many cases have been called to our attention by the learned counsel for the plaintiff as sustaining the latter's right to recover. We have not failed to examine any of them, but without reviewing them in detail we think it fairly may be said that in each case there were special circumstances which distinguished it from the one at bar and prevents it from being an authority for the judgment appealed from.

We think the facts now presented come rather within the application of the rules adopted as forbidding a recovery in the cases of *Greene* v. *Metr. Street Ry. Co.* (100 App. Div. 303); *Thompson* v. *Metr. Street Ry. Co.* (89 App. Div. 10); *Lynch* v. *Third Ave. R. R. Co.* (88 App. Div. 604); *Weiss*

v. *Metr. Street Ry. Co.* (33 App. Div. 221); *Pinder* v. *Brooklyn Heights R. R. Co.* (173 N. Y. 519).

The judgment should be reversed and a new trial granted, with costs to abide event.

CULLEN, Ch. J., GRAY, O'BRIEN, EDWARD T. BARTLETT, WERNER and CHASE, JJ., concur.

Judgment reversed, etc.