The defendant herein claims that he did not know of the employment of the plaintiff with the Strombergs at the time of this trial, that he discovered it after the trial, and that he could not discover it before by the exercise of any diligence. The plaintiff admits in his papers filed on this motion that he worked for Stromberg after he was discharged by the defendant in this action; but at the trial he concealed the fact of his contract with Stromberg. He now claims that he was not bound to refer to this contract, because whatever he may have received under it could not be allowed in reduction of his claim against the defendant. He claims that his relation to Stromberg, as established by that contract, was not inconsistent with his performance of service under his contract with defendant, and that he could properly carry out his engagements with Stromberg without interfering with that portion of his time and energy which belonged to defendant. These questions, I think, should all be left to the decision of the trial justice, and should not be decided upon on this appeal. The evidence is important to the defendant. It is newly discovered, and submission to a jury appears to me to be essential to a full and fair trial of the issues in this action.

For these reasons, I think the order appealed from should be reversed, with costs, and motion for new trial granted. All concur.

---

SOLOMON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 1, 1906.)

1. STREET RAILROADS—INJURIES TO PERSONS ON TRACKS—CONTRIBUTORY NEGLIGENCE.

Where, in an action against a street railroad for injuries to one struck by a car while crossing the track, it appeared from her evidence that she looked each way for a car before leaving the curb, but then proceeded across the street without again looking, she failed to show affirmatively freedom from contributory negligence.

2. SAME—CARE REQUIRED AS TO PERSONS CROSSING STREET.

A motorman is not required to use the highest degree of care to avoid an injury to one crossing the street, but only ordinary care.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 174, 197, 199.]

3. SAME—ACTION FOR INJURIES—INSTRUCTION.

In an action against a street railroad for injuries to one struck by a car while crossing a street, an instruction that if defendant's servant did not have the car under control, and the injuries were caused by defendant's negligence, plaintiff was entitled to recover, was erroneous as ignoring the question of contributory negligence.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Lena Solomon against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

William E. Weaver, for appellant.

R. P. Elson, for respondent.

DAVIS, J. This action is brought by Lena Solomon to recover damages for personal injuries. She recovered a judgment, from which this appeal is taken.

The plaintiff states that she is 65 years of age, and before the accident was always a strong, healthy woman; that at 10 o'clock on the morning of January 12, 1906, she was standing on the southeast corner of 110th street and Lexington avenue, preparing to cross the avenue to the southwest corner; that while standing there she looked to the right and to the left, and there was no car in sight; that the road was clear; that she then started across the street, and does not know what happened to her; that she was knocked down by the car. She remembers that she was struck on the left side by a car that came from uptown, and was thrown down. From the testimony of Noah Cornfield, called by the plaintiff, it appeared that he was a passenger on the car referred to by the plaintiff; that he was sitting on the east side of the car, looking out of the front window; that he saw the plaintiff when she attempted to cross the avenue, and saw her all the while up to the time she received the injury. He states it to be his best judgment that the front of the car was about 10 feet from the plaintiff when the motorman began to apply the brake. On cross-examination this witness said that he believed the car stopped at the north side of 110th street; that he noticed the plaintiff, Mrs. Solomon, when he was on the other side of the street, and she was about 50 feet from where he was. He could not tell positively whether or not the car had started up at that time. He states that the car might have been one-third across 110th street when the plaintiff reached the north-bound track, and she was then moving across. Another passenger was called by the plaintiff, but he threw no light upon how the accident happened. Both of plaintiff's witnesses say that no gong was sounded.

It appears from this evidence that the plaintiff proceeded across the avenue upon the assumption and in the belief that the road was clear and that there was no car in sight. She was evidently satisfied with the precaution taken by her as she stood upon the curb before starting to cross. It is quite clear from the testimony of the witness Cornfield that there was a car at the north crossing and within 50 feet of the plaintiff at the very time she says that the road was clear with no car in sight. Her failure to see the car and her continuing her progress across the avenue without again looking to see if it were safe to cross were doubtless the primary cause of her accident. Obviously upon this testimony the plaintiff failed to show affirmatively that she was free from negligence contributing to the accident. Moreover, neither the plaintiff nor her witnesses state what part of the car hit the plaintiff. It is impossible to tell from the evidence whether the car struck the plaintiff, or whether the plaintiff, not having seen the car in time, walked against the car. The confusion on this point is added to by the testimony of the plaintiff to the effect that she was struck on the left side while she was going west by a car coming from uptown. It also appears that the jury were allowed to guess as to the permanency of the plaintiff's injuries, basing their conclusions on highly speculative testimony of the physician, to which proper objection and exception were noted.

Furthermore, at plaintiff's request the court charged the jury that it

was the duty of the motorman, in crossing the street from side to side, to have his car under control to prevent injury to a person crossing the street, and also to use the highest degree of care in preventing an accident. This was not a proper instruction as to the degree of care to be exercised by the motorman. He is bound to exercise ordinary care, not the highest degree of care. Again, at plaintiff's request, the court charged that:

"If you find that the defendant's servant in charge of that car did not have that car under control, that the injuries were caused by the defendant's negligence in this case, the plaintiff is entitled to recover."

This charge was erroneous, in that it assumes that the plaintiff was entitled to recover simply by showing that the injuries were caused by defendant's negligence without reference to plaintiff's freedom from contributory negligence. The defendant rested at close of plaintiff's case.

For the reasons stated, the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.