JOSEPH BAMBACE, as Administrator of the Estate of FELICE BAMBACE, Deceased, Respondent, *v.* INTERURBAN STREET RAILWAY COMPANY, Appellant.

CONTRIBUTORY NEGLIGENCE. A refusal to charge in an action of negligence, that if the jury believed that decedent attempted to cross tracks five or six feet ahead of a horse car approaching at a speed of three miles an hour, its verdict must be for the defendant, constitutes reversible error.

*Bambace* v. *Interurban St. Ry. Co.*, 112 App. Div. 898, reversed.

(Argued April 8, 1907; decided April 16, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 18, 1906, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict and affirming an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Brown, Bayard H. Ames* and *Henry A. Robinson* for appellant. The exception of defendant to the refusal of the trial justice to charge its ninth request and to the modification thereof presents reversible error. (*Dambmann* v. *M. S. R. Co.*, 180 N. Y. 384; *Coleman* v. *S. A. R. Co.*, 114 N. Y. 612; *Meeker* v. *Smith*, 84 App. Div. 111;

*McKinley* v. *M. S. R. Co.*, 77 App. Div. 256; *Davidson* v. *M. S. R. Co.*, 75 App. Div. 426; *Lyons* v. *Avis*, 5 App. Div. 196; *Curry* v. *R. R. Co.*, 99 Hun, 230; *Buscher* v. *N. Y. T. Co.*, 99 N. Y. Supp. 673; *Wilds* v. *H. R. Co.*, 24 N. Y. 442; *Owens* v. *H. R. Co.*, 35 N. Y. 516.)

*James C. Cropsey* and *F. W. Catlin* for respondent.

HAIGHT, J.   This action was brought to recover the damages sustained by reason of the death of plaintiff's intestate, which was caused, as is alleged, by the negligence of the defendant.

The decedent was eleven years and four months old.   On the 23d day of September, 1902, he was fatally injured by being run over by a horse car of the defendant near the crossing of Bleecker street on Carmine street in the city of New York.   The testimony of the plaintiff's witnesses tended to show that the decedent attempted to cross the street from three to fifteen feet in front of the horses, which were proceeding at about three miles per hour and that as he attempted to cross, the driver whipped the horses, causing them to start up faster, and in doing so hit the decedent, causing him to fall and be run over by the front wheel of the car. There was a sharp conflict between the defendant's and plaintiff's witnesses; but for the purposes of the case we shall assume that the facts are as testified to by the plaintiff's witnesses.   One of the plaintiff's witnesses testified that the decedent went upon the track three or four feet ahead of the horses.   Thereupon, in submitting the case to the jury defendant's counsel requested the court to charge that " If you believe that the deceased ran or stepped on the track when the horses attached to the defendant's car were not more than five or six feet from him, as testified to by several of plaintiff's witnesses, then your verdict must be for the defendant."  This request was refused by the court except as he had charged, and to such refusal an exception was taken.   The court had previously charged that " if the jury find that the deceased ran or stepped upon the track

of the approaching car when the horses attached thereto were no more than five or six feet distant from him and that a person exercising reasonable care for his own safety would not have done so in the same situation and under the same surrounding circumstances then the deceased was guilty in law of contributory negligence and the verdict should be for the defendant." It will be observed that the charge as made called for a determination on the part of the jury as to whether a person exercising reasonable care for his own safety would have done as this decedent did under the same circumstances, thus calling for a determination of fact as to what another person exercising reasonable care would have done under like circumstances. We, consequently, are of the opinion that the court had not charged, in substance, the request refused and that the question arises as to whether the defendant was entitled to have the jury instructed as requested. As we have seen, the plaintiff had submitted evidence tending to show that the decedent undertook to cross the tracks within less than five or six feet ahead of the horses, and, consequently, the jury might have so found. If the defendant's car was proceeding at the speed of three miles per hour, only about one and one-third seconds could have elapsed before the horses would have reached the decedent. The time, therefore, within which the driver of the horses could have whipped them up and accelerated their speed was so short that the blow could scarcely have been delivered before the decedent was knocked down by the approaching horses.

We, therefore, are of the opinion that the defendant was entitled to the instruction asked for and that, if the jury had so found it would follow, as a matter of law, that the decedent was guilty of contributory negligence. For this reason the judgment should be reversed and a new trial ordered, with costs to abide the event.

Cullen, Ch. J., O'Brien, Edward T. Bartlett, Vann and Hiscock, JJ., concur; Chase, J., dissents.

Judgment reversed, etc.