(54 Misc. 639)

### AYRES v. FORTY-SECOND ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Appellate Term. June 6, 1907.)

STREET RAILROADS—INJURIES TO PERSONS ON TRACKS—CONTRIBUTORY NEGLIGENCE.

Where, in an action against a street railroad for injuries to one struck by a car while crossing the track, it appeared from his evidence that he looked each way for a car before leaving the curb, but then proceeded diagonally across the street without again looking until he was upon the track, he failed to show affirmatively freedom from contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 204–209.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by William P. Ayres against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

William E. Weaver, for appellant.
Cornelius J. Earley, for respondent.

FITZGERALD, J. Plaintiff was injured by being struck by defendant's north-bound car at a point which, as nearly as it can be located from the testimony given on his behalf, was about 10 feet north of the northerly crossing at Forty-Sixth street and Tenth avenue. The accident happened about 1 o'clock on the afternoon of Sunday,

March 4, 1906. Plaintiff is 72 years of age, and his evidence indicates a somewhat confused condition of mind as to the details of the occurrence. It is, however, fairly established that he proceeded to cross Tenth avenue diagonally, starting from the southwest corner of Forty-Sixth street and going in a northeasterly direction. He testified that before leaving the sidewalk he looked up and down the avenue, and that no car was in sight upon either of defendant's tracks; that he did not again look until after he had crossed the westerly or south-bound track and was approaching the easterly or north-bound track; and that he then saw a car coming north about five feet from him. Whether he was struck after he stepped upon the north-bound track, or by some projection from the car while still in the space between the tracks, is not satisfactorily shown. It was held by this court in Solomon v. N. Y. City Ry. Co., 99 N. Y. Supp. 529, 50 Misc. Rep. 557, that it was contributory negligence for plaintiff not to have looked for the approach of cars after leaving the curb and before attempting to cross the tracks. Plaintiff in that case appears to have been going directly across, while in the case under consideration the distance traversed by plaintiff without looking must have been greater, as he was pursuing a diagonal course.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.