(122 App. Div. 564.)

### LONG v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department.   December 6, 1907.)

1. STREET RAILROADS—PERSONS ON TRACK—INJURIES—EVIDENCE.

In an action against a street railroad for the death of one struck by a car while attempting to pass in front of it, evidence *held* to show contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 249.]

2. SAME.

It is contributory negligence for a pedestrian to attempt to pass in front of a moving street car six or seven feet away, irrespective of the speed of the car.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 249.]

3. DEATH—EXCESSIVE DAMAGES—PERSONAL INJURIES.

In an action for the death of a woman 58 years of age, who left surviving a husband and sons aged 30, 28, and 24 years, respectively, and who was the housekeeper of the family, a verdict for $3,000 was excessive, under Code Civ. Proc. § 1904, providing that the damages shall be a fair and just compensation for the pecuniary injuries resulting to the persons for whose benefit the action was brought.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, §§ 125-130.]

Appeal from Trial Term.

Action by Leonard Long, as administrator of the estate of Katherine Schmidt, deceased, against the Union Railway Company of New York City.  Appeal by defendant from a judgment in favor of plaintiff, and from an order denying a motion for a new trial.  Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles F. Brown (Bayard H. Ames, on the brief), for appellant.

Frank F. Davis (Wm. M. Sullivan, on the brief) and John J. Hynes, for respondent.

CLARKE, J.  This is an appeal from a judgment entered upon a verdict for $3,000 in an administrator's action to recover damages for the death of one Katherine Schmidt, alleged to have been caused by the defendant's negligence.  The accident occurred at 166th street and the Boston Post Road on July 2, 1904, about 8:30 in the evening, while it was still light.  The plaintiff's testimony in regard to the accident is given by a niece of the decedent, one Mrs. Chapman.  The witness and the decedent went to the northeast corner of 166th street on the Boston Post Road; Mrs. Schmidt intending to take a south-bound car.  To take said car it was necessary to cross the Post Road; the downtown track being on the westerly side of the street.  It was agreed on the record that it is about 400 feet from 166th to 167th street, that the width of Boston Road from curb to curb is 52½ feet, and that the distance from the easterly curb to the westerly rail of the downtown track is 31⅞ feet, and from the easterly curb to the easterly rail of the downtown track is 27 feet 6 inches.  Although Mrs. Chapman was somewhat uncertain as to distances, testifying at one time that when Mrs. Schmidt stepped on the track the car was a block away, and at another time half a block,

reading her evidence in the most favorable light to plaintiff, she testified, in substance: That, when the decedent started directly across the road, the car was just about at 167th street—that is, 400 feet away—in plain sight, with no vehicles or obstructions of any kind in the way, and running fast. The decedent was strong, well and hearty, and possessed of good eyesight and hearing. Neither she nor Mrs. Chapman made any signal to the approaching motorman, or indicated in any way that she desired to board the car. The car did not change its speed from the first time she saw it until it struck the decedent. She said:

"I watched the car, saw the car coming, and then I watched my aunt, to see her cross, because I wanted to see that my aunt got the car. * * * I did not see her do anything at all. She just went right across."

When decedent stepped on the first rail of the south-bound track, the car was about half a block away. As the car struck her, she was just stepping off the track. She lay to the west of the track, maybe three feet or two. So that the evidence for the plaintiff, in effect, is that decedent stepped upon the south-bound track in front of a rapidly approaching car, in plain sight, in daylight, when the car was 200 feet away, and, walking directly across, before she could cross the track, a distance of four feet and eight inches, the car, without slackening its speed, ran 200 feet and hit her just as she was stepping off the last rail. This account of the accident is not credible.

For the defense, four witnesses testified that decedent stepped on the track from five to seven feet in front of the car. There was testimony that the motorman rang his bell, threw off his power, and put on his brake, and that when the car was brought to a standstill decedent was lying about even with the middle of the car. This judgment cannot be sustained, for these reasons:

First. The verdict was clearly against the weight of the evidence. The plaintiff failed to show that decedent was free from contributory negligence.

In Greene v. Metropolitan St. Ry. Co., 100 App. Div. 303, 91 N. Y. Supp. 426, approved in Lofsten v. Bklyn. Hts. R. Co., 184 N. Y. 148, 76 N. E. 1035, Mr. Justice Ingraham said:

"There was no evidence to justify a finding that the defendant was negligent, or that the plaintiff was free from negligence. The plaintiff and his companions walked in front of an approaching car which was coming at a rapid rate of speed. There was nothing to indicate to the motorman that they intended to cross in front of the car; nothing to require the motorman to stop the car to let them cross. But whatever may be said of the negligence of the defendant, it is entirely clear that the accident was caused by the negligent act of the plaintiff in stepping in front of this rapidly approaching car when it was at such a distance from him that no act of the motorman could have prevented the accident. While I do not think that as a matter of law it is contributory negligence for a person to attempt to cross the track of a street railroad, because a car is in sight, it is certainly reckless conduct to step in front of a rapidly approaching car when the car is only 10 feet away. I think it immaterial whether or not the plaintiff looked after leaving the sidewalk. If he looked, he must have seen that an attempt to cross in front of the car would necessarily result in a collision. If he saw a rapidly approaching car when he stepped off the sidewalk, and he walked on without looking, and because of his failure to look he placed himself in a position of danger, he was guilty of negligence which precludes recovery."

In the Lofsten Case, supra, the court said:

"We think that the evidence showed that he was guilty of contributory negligence as a matter of law, and that the judgment in his favor should be reversed. This car was proceeding at a rate of five or six miles an hour. It was in the neighborhood of fourteen feet from this curb from which plaintiff saw the car to the nearest rail of the track upon which he was struck. According to his version, there was nothing whatever to obstruct his view of the approaching car. He was struck by the nearest forward corner of the car. If he had exercised the slightest heed by either looking or listening, he would have detected its presence in such close proximity as to disclose at once the foolhardiness of stepping upon the track in front of it. Nothing but utter oblivion of his surroundings and of his obligations could mislead a traveler into the conduct displayed by plaintiff. It is true that the defendant's employés were under the obligation to manage the car with care, but this obligation of care was not confined to them. It also rested upon the plaintiff, and their negligence did not relieve him from the consequences of his own fault."

Second. The defendant asked the court to charge:

. "If the jury believes the testimony of defendant's witnesses, or some of them, that the car was not more than six or seven feet away from Mrs. Schmidt at the time she stepped upon the track, their verdict must be for the defendant, whatever may have been the speed of the car."

The court refused so to charge, and the defendant excepted. This refusal constitutes reversible error. In Bambace v. Interurban R. R. Co., 188 N. Y. 288, 80 N. E. 913, the court below refused to charge:

"If you believe that the deceased ran or stepped on the track when the horses attached to the defendant's car were not more than five or six feet from him, as testified to by several of plaintiff's witnesses, then your verdict must be for the defendant."

The Court of Appeals held that the defendant was entitled to the instruction asked for, and that, if the jury so found, it would follow as matter of law that the decedent was guilty of contributory negligence, and for this refusal reversed the judgment.

Third. The verdict was excessive. The decedent was a woman of 58, and left surviving a husband and three sons, 30, 28, and 24 years of age, respectively. She was the housekeeper of the family. The damages are limited to the fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought. Section 1904, Code Civ. Proc. There was no support in the evidence for the amount of damages found.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.