### GLYNN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 3, 1908.)

1. STREET RAILROADS—INJURIES TO PERSONS ON TRACKS—CONTRIBUTORY NEGLIGENCE.

Though a pedestrian has a right to cross a street at a point not a crossing, a street railway has a paramount right to the use of its tracks, and it is incumbent on the pedestrian to prove that he exercised due diligence to discover the approach of a car.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 193.]

2. SAME.

The mere fact that at the time a pedestrian left the curb he thought he had time to cross ahead of a street car did not relieve him of the obligation to again look for the car after he left the curb and before he reached the track.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 208.]

3. SAME.

A pedestrian, who, after he leaves the curb and before he reaches the track, does not again look for a car, is guilty of contributory negligence as a matter of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 208.]

4. SAME—CHILDREN.

Though the same degree of care is not expected of a child of 13 years as from one of maturity, yet this rule would not absolve the child from again looking for a car after it left the curb and before it reached a street railway track.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 208, 217.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by John Francis Glynn, an infant, etc., against the New York City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

James L. Quackenbush (Anthony J. Ernest, of counsel), for appellant.

Thomas J. Bannon, for respondent.

GREENBAUM, J. The action is for personal injuries. Adopting plaintiff's version of how the accident occurred, it seems clear that he has failed to establish his freedom from contributory negligence. Plaintiff, a boy of 13 years, states that at about 7 o'clock in the evening of June 17, 1907, "when it was not exactly dark," while returning home from 128th street from a visit to a friend, he walked along the curb on the easterly side of Madison avenue, between 130th and 131st streets, and had reached about the middle of the block between said streets, when "I thought of going across there, and I saw a car going south, and I waited until it passed; so I looked around, and I had seen car coming north stop at 130th street, so I thought I would have time to cross. As soon as I started to walk, the car was coming so fast I could not get out of the way, and it hit me." He says he waited until the south-bound car had reached the end of the block before he started to cross, and that he was on the north-bound track when he was struck. He admits on cross-examination that he was on the curb when he saw the north-bound car stop at 130th street, and that was the only time he saw the car until it struck him. There is no proof that plaintiff looked again for the car after he left the curb and before he reached the track.

He was not at a crossing, but in the middle of the block between 130th and 131st streets, when he was struck, and there was nothing to obstruct his view. While he had a right to cross at that point, defendant had a paramount right to the use of its tracks between intersecting streets, and it was incumbent on the plaintiff to prove that he exercised due diligence to discover the approach of the car. Barney v. Metropolitan St. R. Co., 94 App. Div. 388, 394–395, 88 N. Y. Supp. 335; Thompson v. Buffalo Ry. Co., 145 N. Y. 196, 39 N. E. 709; Fenton v. Second Ave. R. Co., 126. N. Y. 625, 26 N. E. 967. The mere fact that at the time plaintiff left the curb he thought he had time to cross did not relieve him of the obligation to look and see where the north-bound car then was. There was nothing to obstruct his view, and by not looking at or in the direction of the approaching car after he left the curb he was guilty of contributory negligence as matter of law. Lofsten v. Brooklyn Heights R. Co., 184 N. Y. 148, 150, 76 N. E. 1035; Solomon v. New York City Ry. Co., 50 Misc. Rep. 557, 559, 99 N. Y. Supp. 529; Ayres v. Forty-Second St., M. & St. N. Ave. R. Co., 54 Misc. Rep. 639, 104 N. Y. Supp. 841; Stern v. Met. St. Ry. Co., 35 Misc. Rep. 811, 72 N. Y. Supp. 1130.

It is undoubtedly true, as contended by plaintiff, that the question of contributory negligence ordinarily is one of fact for a jury. I

think the circumstances of this case, however, bring it within the exception to this rule as stated by the Court of Appeals.

"We are fully mindful of the proposition, urged by plaintiff, that ordinarily the question of contributory negligence is one of fact for the jury. But, of course, there are limits to this rule, and a party may create a controlling presumption of law that he has been deficient in ordinary caution. The plaintiff in this case seems to have reached such limit and to have created such presumption." Lofsten v. Brooklyn Heights Ry. Co., 184 N. Y. 148, 151, 76 N. E. 1035.

In that case the plaintiff failed to look again after leaving the curb. This court held in the cases of Solomon v. N. Y. City Ry. Co. and Ayres v. Forty-Second St., M. & St. N. Ave. Ry. Co., supra, that plaintiff must affirmatively show that he looked again after leaving the curb and before crossing the track in order to establish freedom from contributory negligence. For the reasons stated in the cases above cited, the defendant was entitled to have the jury charged, as requested, that:

"As matter of law, if the only time the boy looked to see when this car was coming was when he was on the curb, he is guilty of contributory negligence, and cannot recover."

There is no question as to plaintiff being non sui juris, as both sides recognized that he was sui juris. While the same degree of care is not expected from a child of 13 years as from one of maturity, yet this rule would not absolve the plaintiff from the duty under which he rested under the circumstances here appearing.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.