### MULLEN v. JOLINE et al.

(Supreme Court, Appellate Term. June 30. 1908.)

1. STREET RAILROADS—ACTIONS FOR INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

Plaintiff was struck at a crossing by a trolley car, which he saw 50 or 60 feet distant when he stepped from the sidewalk, about 15 feet from the track. He saw that the car was coming rapidly, and thought he could get across in time, but failed to do so. *Held*, that plaintiff was negligent, and could not recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 204–220.]

2 SAME—DUTY TO WARN—ONE KNOWING CONDITIONS.

Where a pedestrian is aware of the approach of a car, and the peril is apparent, the motorman owes no duty to give him warning and slow down the car.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 172, 197.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John Mullen against Adrian H. Joline and another, as receivers of the New York City Railway Company. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Anthony J. Ernest, for appellants.

Van Sinderen Lindsley, for respondent.

MacLEAN, J. About half-past 3 in the morning of the 2d of February last the plaintiff was struck at the crossing of Park Row and Pearl street by a trolley car, which he saw about 50 or 60 feet from him as he stepped off the easterly sidewalk, about 15 feet from the car track, in the center of which he was struck. The car, as he saw, was coming very fast. He thought he would get across—thought to get out of the road; but it hit him. It came too quick, though he hurried as fast as he could. Neglecting the testimony of the defendants' witness in contradiction, these are the facts as the plaintiff says for himself. Upon these facts he should not keep his recovery. "Without any lengthy discussion of the principles applicable to these facts, we think it is clear that the plaintiff did not exercise ordinary prudence. The mere statement of his conduct impresses the mind at once that, in utter disregard of all precautions, he placed himself in front of defendants' car. The car had only a comparatively few feet to go to cross the line of plaintiff's course when the latter left the curb. When he saw it, it was proceeding at a considerably more rapid pace than he was. By the time he had proceeded from the curb to the track the car had so covered the distance that it was practically upon him as he stepped upon the track. If he had exercised the slightest heed by either looking or listening, he would have detected its presence in such proximity as to disclose at once the foolhardiness of stepping upon the track in front of it. It is true that the defendant's employés were under the obligation to manage the car with care and prudence; but this obligation of care was not confined to them. It also rested upon the plaintiff, and their negligence, if they were guilty of it, did not relieve him from the consequences of his own fault." Lofsten v. Brooklyn Heights R. R. Co., 184 N. Y. 148, 150, 76 N. E. 1035.

Moreover, it was error to charge in this case that it was the duty of the motorman to give warning in approaching the crossing and to slow down. The plaintiff was aware of the approach of the car (Huber v. Nassau Electric R. Co., 22 App. Div. 426, 48 N. Y. Supp. 38), and the peril was apparent (Stabenau v. Atlantic Ave. R. Co., 155 N. Y. 511, 50 N. E. 277, 63 Am. St. Rep. 698). The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

GILDERSLEEVE, P. J., concurs. SEABURY, J., concurs in result.