JACOB PEREL, as Administrator, etc., of HARRY PEREL, Deceased, Respondent, *v*. NEW YORK RAILWAYS COMPANY, Appellant.

First Department, December 6, 1918.

**Railroads — negligence — action to recover for death of pedestrian struck by street car — evidence not justifying recovery — erroneous charge.**

Action to recover for the death of the plaintiff's intestate who, while crossing a street in the city of New York, was struck and killed by the defendant's street car. There was a serious conflict between the plaintiff's testimony

given on the coroner's inquest and before the grand jury and that given
at trial, while the defendant's evidence showed that the intestate stepped
upon the track about a foot north of an elevated railroad pillar when the
car was within five or six feet from him. Evidence examined, and *held*,
that a verdict for the plaintiff was against the weight of evidence on the
issues of the defendant's negligence and the decedent's freedom from
contributory negligence.

In view of the testimony produced by the defendant, it was error for the
court to refuse to charge that if the jury found that the decedent stepped
upon the track in the middle of the block when the car was only six or
eight feet from him and approaching rapidly, the plaintiff could not
recover, there being no proof that the speed of the car was accelerated or
that it was running at an excessive rate of speed.

APPEAL by the defendant, New York Railways Company,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Ne  York
on the 5th day of March, 1918, upon the verdict of a jury
for $2,000, and also from an order entered in said clerk's
office on the 7th day of March, 1918, denying defendant's
motion for a new trial made upon the minutes.

*B. H. Ames* of counsel [*James L. Quackenbush*, attorney],
for the appellant.

*Louis E. Swarts* of counsel [*Edwin P. Kilroe*, attorney],
for the respondent.

LAUGHLIN, J.:

On the 4th day of December, 1916, the plaintiff's intestate,
who was eighteen years of age, while crossing the north-bound
track of the defendant on Eighth avenue, between One
Hundred and Forty-seventh and One Hundred and Forty-
eighth streets, in a westerly direction about the middle of the
block, was struck and killed by a north-bound car. This is
a statutory action to recover for his death.

The testimony presented on the part of the plaintiff tended
to show that the decedent resided at No. 2774 Eighth avenue,
which was sixty feet northerly of One Hundred and Forty-
seventh street, and was employed in his father's paint store
at that number and at the time of the accident was going on
an errand for his father to 305 West One Hundred and
Forty-eighth street, which was on the westerly side of Eighth

avenue; that before stepping on the track he was seen to look southerly; that the car was upwards of seventy feet south of the point of the collision at the time he stepped within its path; that he had taken one or two steps on the track and had reached a point at about the middle of the track or slightly beyond when he was struck; that no gong sounded and the car was running very fast and the motorman was looking toward the west. The plaintiff, who was the father of the decedent, and another witness were two of the principal witnesses for the plaintiff on these issues on the trial. Their testimony on the trial was in serious conflict with the testimony given by them on the coroner's inquest and before the grand jury. Their former testimony tended to show that the decedent was struck just as he reached the track and before he had taken more than one step onto it and that the car was close to the point of collision when he stepped on the track. The other principal witness for the plaintiff testified that when the decedent reached the track the car was below One Hundred and Forty-seventh street and that it was at least eighty feet from him when he reached the easterly rail of the track and that she saw him look up and down the track before stepping onto it, and that he was nearly across the track when he was struck. The testimony in behalf of the defendant tends to show that the decedent stepped onto the track about one foot north of an elevated railroad pillar when the car was within five or six feet of him.

We regard the verdict as clearly against the weight of the evidence on the issues with respect to the defendant's negligence and the decedent's freedom from contributory negligence, and it is doubtless accounted for by the failure of the court properly to instruct the jury. At the close of the charge in chief the defendant requested the court to charge that if the jury found from the evidence that the decedent stepped on the track in the middle of the block and when the car was only six or eight feet from him and approaching rapidly, the plaintiff could not recover. The court declined so to charge on the ground that the request involved measurements, and counsel for the defendant excepted. The ground assigned for refusing the instructions was untenable, for while the request

involved measurements, it was expressly conditioned on the jury finding in accordance with the measurements specified therein, and there was ample evidence to warrant such a finding. The request was based on the testimony offered by the defendant, which was not improbable and which the jury might have accepted. In such circumstances it was the duty of the court so to instruct the jury, for if the facts were found as stated in the request the jury would not have been warranted either in finding the defendant guilty of negligence or the decedent free from contributory negligence, for there is no evidence that the speed of the car was accelerated or that it was running at an excessive rate of speed between intersecting streets. (*Bambace* v. *Interurban St. R. Co.*, 188 N. Y. 288.) There had been no instructions given the jury with respect to their duty provided they found the facts to be as stated in the request.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.