costs. No opinion. Present — Young, Kapper, Carswell, Scudder and Tompkins, JJ.

ENID E. SARGEANT, Respondent, v. ERIC HAROLD SARGEANT, Appellant. (Appeal No. 1.) — Order awarding alimony *pendente lite* and counsel fee, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

ENID E. SARGEANT, Respondent, v. ERIC HAROLD SARGEANT, Appellant. (Appeal No. 2.) — Order awarding additional counsel fee affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

SAMUEL SOLOMON, Plaintiff, and ABRAHAM J. UNGER and HENRY GOLDBERG, Amended to Read LENA GOLDBERG, Administratrix of the Estate of HENRY GOLDBERG, Deceased, Appellants, v. ADOLPH SPITZER, Respondent.— Judgment reversed upon the law and the facts and a new trial granted, costs to appellants to abide the event, upon the ground that the record presents a question of fact which should have been submitted to the jury. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

BENNY SYLVESTER and LUCY SYLVESTER, Appellants, v. GRACE H. WARBASSE, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

RUBIN WELLKINS, Respondent, v. JAMAICA BATTERY AND ENGINEERING Co., INC., Appellant.— Order setting aside verdict as inadequate unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

EMIL ZINN, Respondent, v. JOSEPH STIEFVATER, Appellant.— Judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event, upon authority of *Zinn* v. *Stiefvater* (*post*, p. 751), decided herewith. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

GENEVIEVE ZINN, an Infant, by EMIL ZINN, Her Guardian ad Litem, Respondent, v. JOSEPH STIEFVATER, Appellant.— Judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. The court erred in refusing to charge, as requested by counsel for the defendant at folio 420 of the record, that if the accident happened because the driver of the plaintiff's car made a wide curve and ran into the defendant's car when the defendant's car was on the right side of the roadway and the plaintiff's car on the wrong side, the verdict must be for the defendant. (*Bambace* v. *Interurban St. Ry. Co.*, 188 N. Y. 288; *Dambmann* v. *Metropolitan Street Ry. Co.*, 180 id. 384; *McGrane* v. *Nassau Electric Railroad Co.*, 134 App. Div. 257.) Defendant was clearly entitled to this charge. It involved defendant's version of the accident resulting in injuries to the infant plaintiff, and if established, fully exonerated him. The court did not charge this in words or substance in its direct charge to the jury. Lazansky, P. J., Carswell and Scudder, JJ., concur; Kapper and Hagarty, JJ., concur upon the further ground that the verdict of the jury is against the weight of the evidence.

LOUIS DICKENS, Respondent, v. ERNEST FLAGG, Appellant.— Application denied, with ten dollars costs.

ETHEL M. HARNETT, Respondent, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— Application denied, with ten dollars costs.